THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY
v. ISAAC GROVIER.

1. RAILROAD RIGHT-OF-WAY — *Map as Evidence.* The map filed by a railroad company, of the route on which it proposes to build a railroad, is not the only evidence which may be offered in a condemnation proceeding to show the land condemned for a right-of-way.

2. LOTS — *Owner — Wrong Name — Remedy.* A failure of the condemnation commissioners to ascertain and designate the owners of the lots or parcels of land taken, or the fact that they name the wrong person as the probable owner in their report, whether it occurs from ignorance or mistake, will not prevent the real owner of any lot or parcel of real estate or interest therein from availing himself of the remedy of appeal.

3. ———— *Testimony of Owner.* There being no actual dispute of the appellant's title to the land, his testimony that he was the owner of the same is not reversible error.

4. APPEAL FROM AWARD—*Limit of Inquiry.* An appeal from the award of the commissioners only brings up for revision the action taken by the commissioners as shown in their report. Any property not included in the report of the award will not be affected by the proceeding; and if other property is occupied or used by the company, the damages for the same is not a proper subject of inquiry upon the appeal.

*Error from Dickinson District Court.*

ACTION to recover damages for a railroad right-of-way. Judgment for plaintiff *Grovier,* at the May term, 1887, for $5,490 as damages. The defendant company brings the case to this court. The material facts are stated in the opinion.

*Geo. R. Peck, A. A. Hurd,* and *J. G. Egan,* for plaintiff in error.

*John H. Mahan,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an appeal to the district court of Dickinson county from an award of damages for the appropriation of a right-of-way for the Chicago, Kansas & Western Railroad through certain lots and land of Isaac Grovier. The commissioners appointed by the judge of the district court assessed damages to real estate described in the report as belonging to Grovier in the sum of $2,010, and for taking a right-of-way through two lots described in their report as probably being owned by S. H. Simar they awarded damages in the sum of $155. The defendant, not being satisfied with the award, appealed, and the two lots last named were mentioned by the defendant in his appeal bond and in the transcript, which were filed in the district court. At the trial, which was had in the district court with a jury, Grovier was awarded the sum of $5,490 as damages.

The railroad company contends that the court erred in the admission of testimony and in the charge given to the jury. A portion of Grovier's land through which the railroad was surveyed and built had been platted as an addition to the town of Hope, and the plat had been filed with the register of deeds.

In testifying, Grovier and some other of the witnesses used the plat to explain their testimony. Objection was made to its use, the plaintiff in error claiming that the map of the company, filed in the office of the county clerk, was the best and controlling evidence of the location of route of the proposed railroad and the land condemned for right-of-way. The map of the company is not the only evidence of these facts. Indeed, the map and profile required by § 48 of the act concerning corporations are no part of the condemnation proceedings, and may not be filed at the time when such proceedings are had. They are required to be made and filed before the construction of the railroad is begun, but not before the right-of-way is obtained. (*Gulf Rld. Co. v. Shepard,* 9 Kas. 647.) Whatever view might be taken of this testimony, there is nothing in the objection of the railroad company, for the reason that there was no real controversy between the parties in respect to the location of the railroad or of the land appropriated for a right-of-way. The correctness of the map used, which was the official one filed in the office of the register of deeds, was not questioned, and it was only used for the purpose of explaining and making clear the testimony given by the witnesses.

1. Railroad right-of-way —map as evidence.

It is further claimed that as lots 10 and 11 in block 1 were designated in the report of the commissioners as the property of Simar, Grovier is thereby precluded from taking an appeal from the award made for their appropriation. The mere act of the commissioners in designating who are the probable owners of the land which they condemn, can have no such effect. Under our statute the owners are not made parties to the condemnation proceeding by name, nor are they served with personal notice. The notice is given by publication, and in that notice the names of the owners are not required to be given. (*Gulf Rld. Co. v. Shepard,* supra.) When that publication is made, all owners whose lands may be condemned must take notice, and if dissatisfied with the award when it is made, they can, and to protect their interest should, take an appeal, regardless of whether or not they are designated as

owners in the report. It is the duty of the commissioners, so far as possible, to ascertain the names of the owners of each tract or lot of land condemned, and so describe them in the report which they make; or, if a lot or tract belongs to different owners, they should appraise the value and assess the damage of each of such owner's interest. If they are unable to learn the names of the owners of each lot or tract, or the names of the owners of each interest in the same, they should so state in their report. The failure of the commissioners, however, to ascertain and designate the owners, whether it occurs from ignorance, inadvertence, or inability, will not prevent the real owner of any parcel of real estate or interest in the same from availing himself of the remedy of appeal. In the present case, through a mistake, Simar was designated in the report as the "probable name of owner" of lots 10 and 11 in block 1, when as a matter of fact he had no interest whatever in them. Grovier was the exclusive owner of the lots, and took an appeal from the award made for their appropriation by specifically mentioning them in the appeal bond which he filed.

2. Lots—owner— wrong name —remedy.

Some objection is made to the testimony given by Grovier, that he was the owner of these lots. If there had been an actual dispute as to the title, more strictness of proof would have been necessary; but no such dispute exists. The lots formed a part of an addition to the town of Hope, which all agree had been platted by Grovier as owner; and the plat of the same had been filed in the office of the register of deeds, and this was *prima facie* evidence of ownership. (*C. B. U. P. Rld. Co. v. Andrews*, ante, p. 370; same case, 21 Pac. Rep. 276.) The evidence was that he had never sold the lots, and no testimony disputing his ownership was offered. Under the circumstances, the statement that he was the owner of the lots is not a good ground of complaint.

3. Testimony of owner.

Testimony was offered of damage to lots no part of which was taken for the right-of-way, and the court reserved the question of its admissibility upon a motion to strike out, and

finally excluded the testimony entirely. In charging the jury the court started to instruct as to the liability of the company for injury to such lots by the appropriation of other lots, but finally concluded that the question was not in the case, and expressly directed the jury not to take into consideration any damage done to lots not touched by the railroad. The railroad company has no reason to complain of these rulings. There was testimony admitted, however, which was incompetent and prejudicial. Over the objection of the plaintiff in error, witnesses were allowed to state that portions of lots 8 and 12 in block 1 were appropriated for a right-of-way, and they also gave the value of the same; and damages for the appropriation of these are doubtless included in the verdict. From the report of the commissioners which is included in the record, neither of these lots was condemned or intended to be appropriated by these proceedings. No mention is made of either in the report nor in the appeal bond. The appeal is from the decision or award made by the commissioners, and the trial of the appeal is only a revision of the action that the commissioners have taken. They only condemn such property as the party initiating the proceedings desires shall be condemned, and points out to them for that purpose; and their report is the only evidence of the action they take. It is important to both the owner and the railroad company that the property taken by the condemnation proceedings should be clearly defined and known, and hence the report of the commissioners must state fully and precisely the extent of the appropriation. Any property not included in the report will not be affected by the proceeding.

4. Appeal from award—limit of inquiry.

An award is made as to each distinct lot or quarter-section of land, and if several lots or tracts are owned by the same person he may appeal from an award on one lot or tract and allow that made as to others to stand undisturbed. This could be accomplished by the appeal bond which he executes and the pleadings which he may file after the appeal is taken; but in this case the property in question was not included in either the report or appeal bond, and was therefore

44 — 41 KAS.

not the subject of inquiry on this appeal. In *Reisner v. Union Depot and Rld. Co.*, 27 Kas. 389, it is said:

"The appeal was from the determination of the commissioners as to the value of the land taken, and for all other damages connected with the appropriation of the portion of the lot so condemned. Beyond the limit of what was condemned the company had no right whatever; and if it has used other portions of the lot of plaintiff, it is not a matter of inquiry upon an appeal from the condemnation. If the company has taken possession of any part of the lot beyond that which has been condemned, it is a trespasser thereon, and an action of ejectment may be prosecuted for its recovery, or an action for damages may be maintained for all wrongful acts done outside of the right-of-way acquired by the condemnation."

See also *The State v. Armell*, 8 Kas. 288.

If the lots in question were actually condemned, but inadvertently omitted from the transcript of the report filed in the court, or inadvertently omitted from the appeal bond, the defect could have been cured by amendment or the filing of a pleading; but if there was such omission, no correction was made. In the state in which we find the record, the appropriation of these lots was not in issue, and the testimony concerning their appropriation was unwarranted.

The special findings of the jury show that damages were allowed for the taking of the lots which were not involved in this appeal, but it is impossible to ascertain therefrom the amount awarded for the appropriation of such lots, and hence there must be a reversal.

The other matters complained of require no attention.

The cause will be remanded for a new trial.

All the Justices concurring.