THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY V. IRENE E. ANDERSON *et al.*

HOMESTEAD—*Railroad Right-of-way—Appeal by Husband and Wife— Husband Competent Witness.* Where the premises appropriated for the right-of-way by a railroad company are a part of a homestead occupied by the husband and wife as a residence, and the title thereof is in the wife, both husband and wife may join in an appeal from the award of the commissioners, and upon the trial of the appeal in the district court both are joint parties and have a joint interest in the action; therefore the husband is a competent witness in the case, to testify under the provisions of § 323 of the civil code.

*Error from Dickinson District Court.*

THIS was an appeal from an award of commissioners, condemning a right-of-way for the Chicago, Kansas & Western Railroad Company, through the northeast quarter of section 33, in township 15 south, of range 3, in Dickinson county. The total damages allowed by the commissioners were $246.40.

Trial had at the June term, 1887. The jury assessed the

damages at $1,040, and also returned the following special findings of fact:

"1. What is the quantity of land taken for right-of-way? *Ans.:* $\frac{16}{100}$ acres.

"2. What was the value per acre of the land taken at the time the road was located? A. $35 per acre.

"3. What is the amount of damages to the land not taken for right-of-way? A. $824.40.

"4. Do you include in the answer to question 3, any damages on account of the pond of water which stood on the right-of-way near the house? A. No.

"5. In your answer to question No. 3 do you include anything for the damage to property from sparks from the engines? A. No.

"6. In your answer to question No. 3 do you include anything on account of the smoke from engines and cars? A. No."

The *Railroad Company* filed a motion for a new trial, which was overruled. In accordance with the verdict, the court awarded $1,040 as damages, and the costs were taxed at $104.95. The *Railroad Company* excepted, and brings the case here.

*Geo. R. Peck, A. A. Hurd,* and *J. G. Egan,* for plaintiff in error.

*John H. Mahan,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: In the condemnation proceedings, B. M. Anderson, one of the appellants, was named as the probable owner of the land appropriated. The right-of-way was taken from a quarter-section of land occupied as the residence of the family of B. M. Anderson as a homestead. The title of the land was in the wife, Irene E. Anderson. From the award of the commissioners an appeal was taken by both B. M. Anderson and his wife, Irene E. Anderson. B. M. Anderson testified as a witness in the case, at very great length. The railroad company objected to his testifying, and also moved to

strike out his testimony, upon the ground that he was an incompetent witness under § 323 of the civil code.   This section reads:

"The following persons shall be incompetent to testify: . . . Third, husband and wife, for or against each other, except concerning transactions in which one acted as the agent of the other, or when they are joint parties and have a joint interest in the action; but in no case shall either be permitted to testify concerning any communication made by one to the other during the marriage, whether called while that relation subsisted, or afterwards."

In my opinion, the constitutional provision and the statute which forbid the alienation of the homestead without the joint consent of the husband and wife, when that relation exists, do not affect the right of the husband or wife to dispose of the money awarded to either having the ownership and title thereof as compensation for the taking of any part of the land under the law of eminent domain. (*Canty v. Latterner*, 31 Minn. 239.) In my opinion, condemnation proceedings may be commenced and carried on against the owner of the homestead. The power of the state to appropriate the property is unquestioned, but the right of the owner to be paid for it is secured by the constitution.   The power of the state is subject to no restrictions but that of making compensation.   The correlative constitutional right to demand and receive the value of the property can only be asserted by the owner.   In this case it would seem to me that the party to demand and receive the value of the property is the owner, and that is the wife, Irene E. Anderson, and that her husband is not a necessary party.

The majority of the court are of the opinion that the appeal was properly taken by both Irene E. and her husband Benjamin M. Anderson, as the premises were occupied as a homestead by them, and therefore that both were joint parties, having a joint interest in the action.   Within the letter of the statute, if Irene E. and Benjamin M. Anderson were joint parties and had a joint interest in the action, Benjamin M. Anderson, the husband, was a competent witness.   Therefore, in the opinion of a majority of the court the trial court did

not err in admitting the testimony of Benjamin M. Anderson. Of course where the title to real estate is really in controversy, the title cannot be proved by oral evidence. (*Douglass v. Geiler*, 32 Kas. 502.) But the evidence showed that both Irene E. and Benjamin M. Anderson were in possession of the premises, and therefore the title was not in dispute, if, as decided by a majority of the court, the parties were jointly interested.

The other matters discussed are disposed of upon the authority of *C. K. & W. Rld. Co. v. Grovier*, 41 Kas. 685.

The judgment of the district court will be affirmed.

VALENTINE, J.: I concur in the judgment of affirmance. The condemnation proceedings in this case were instituted by the railroad company, and the damages were assessed by the commissioners in favor of Benjamin M. Anderson. He and his wife appealed jointly to the district court. On the trial in the district court he testified, among other things, that he and his wife occupied the land in question jointly as their homestead; *that they owned it jointly,* but that the title thereto was in his wife's name; and it also appears from his testimony that he exercised the principal control over the land. No written evidence of title or ownership was introduced in the case, and nothing to contradict the evidence already mentioned. The judgment of the district court awarded the damages to Anderson and wife jointly.

JOHNSTON, J.: Apart from the facts stated by Mr. Justice VALENTINE, that the property was jointly owned by the husband and wife, I think the husband was a proper party to the appeal and a competent witness by virtue of the homestead interest alone. The wife or husband, when the title to the homestead is in the other, has a present and existing interest. As said by Chief Justice KINGMAN, in *Helm v. Helm*, 11 Kas. 21:

"Our homestead provision is peculiar. The homestead cannot be alienated without the joint consent of the husband and wife. The wife's interest is an existing one. The occupation and enjoyment of the estate is secured to her against any act

of her husband, or of creditors, without her consent. If her husband abandons her, that use remains to her and the family. It may be difficult to define the estate, but it is one nevertheless."

Possessing such an interest and such an estate, can there be any doubt of the right of the one not holding the legal title to take the necessary legal steps to preserve that interest or estate? Even in cases where the land owned by the husband was not a homestead, it was held by this court that the interest of the wife was an existing one, which may be the subject of conveyance by the wife during marriage; that it has the elements of property, and is of such a character that the wife might during the marriage maintain an action for its protection and for relief from fraudulent alienation by her husband. (*Busenbark v. Busenbark*, 33 Kas. 572; *Munger v. Baldridge*, 41 id. 276; 21 Pac. Rep. 159.) The homestead interest is of a much higher character than the inchoate interest in property not impressed with the homestead character, and affords a still stronger reason for the taking of an appeal and the maintenance of a proceeding for its protection by either husband or wife. It not infrequently happens that a railroad company in condemning a right-of-way for its road through a town or city appropriates a great part or all of lots of land occupied as homesteads. In such a case if, through the connivance or neglect of the husband, a trifling or insufficient award is made, and no appeal is taken by him, the homestead interest of the wife is of little value if she may not institute an appeal for its protection. We have decided that "the husband cannot, without the consent of his wife, grant or alienate the right-of-way for a railroad across land owned by him and occupied as a homestead by his family." (*Pilcher v. A. T. & S. F. Rld. Co.*, 38 Kas. 516.) Neither can she be deprived of the benefits of this estate by any indirect means; and the same rule applies alike to both husband and wife. In the condemnation proceeding the published notice affects and binds either husband or wife. "When that publication is made, all owners whose lands may be condemned must take

notice, and if dissatisfied with the award when it is made, they can, and to protect their interest should, take an appeal, regardless of whether or not they are designated as owners in the report." (*C. K. & W. Rld. Co. v. Grovier*, 41 Kas. 685.) The interest held by Benjamin M. Anderson in the homestead is alone sufficient, in my opinion, to warrant him in joining in the appeal; and being a party with such an interest, he was competent to testify in the case.