THE CHICAGO, KANSAS & NEBRASKA RAILWAY COM-
PANY v. JOHN ELLIS.

1. EMINENT DOMAIN—*Life Interest—Parties on Appeal.* Where the
   award of commissioners appointed to assess damages for the right-
   of-way of a railroad company gives to a person in possession of the
   land, a part of which is appropriated, and having a life interest
   therein, a gross sum for compensation as the owner thereof, such
   person may appeal from the award, and he will not be required to
   join with him in his appeal the owner of the legal title of the land.

2. ——— *Measure of Damages.* Upon the trial of the action upon
   such an appeal, the party appealing can only recover damages for
   such an interest or estate in the land as he can establish in himself.

3. HUSBAND AND WIFE, *When not to Testify.* In no case can either the
   husband or the wife testify concerning any communication made
   by one to the other during the marriage. (Civil Code, § 323.)

*Error from Thomas District Court.*

ON the 8th day of May, 1888, the board of county com-
missioners of Thomas county, state of Kansas, on the appli-
cation of the Chicago, Kansas & Nebraska Railway Company,
laid off and condemned a route and line for the railway com-
pany through the southeast quarter of section No. 33, in
township No. 7, of range 34 west, in that county. The com-
missioners awarded the sum of $230 as the value of the land
taken and the damage to the property not taken, from which
John Ellis appealed. In the district court, the plaintiff filed
a petition consisting of two counts, in the first of which,
among other things, it was alleged:

"That the legal title to said tract of land was at the date
of said appropriation and still is owned by Susan A. Ellis,
the wife of this plaintiff; that her title was originally acquired
by and through the plaintiff, who paid the consideration
therefor, and was and is held in trust for the use and benefit
of plaintiff, and under a valid agreement made at the time of
such conveyance to her, that he should have the use and bene-
fit of said land, and might occupy the same so long as he
should live or should desire the same; that plaintiff's interest
in the land taken and the improvements thereon was at the

date thereof $100, and that, by reason of the appropriation of his interest in the land, the remaining portion thereof was damaged and lessened in value in the sum of $300."

In the second count of said petition, it was alleged, among other things:

"That since the date of the appropriation of said land, as hereinbefore stated by the defendant, Susan A. Ellis, owner of the legal title to the land, has, for a valuable consideration, by an instrument in writing, duly executed, and a copy of which is annexed hereto, marked 'Exhibit A,' sold, signed and transferred to this plaintiff all her claim and right to any and all damages against the defendant by reason of such appropriation and to the compensation due therefor, and all her right, title and interest in and to the award heretofore made as aforesaid by such county commissioners for the land so condemned and appropriated by said defendant, and in and to all damage caused by such appropriation to the remaining portion of said land, assessed as aforesaid, and in and to any award or damages that may be awarded or assessed therefor in this court or on any appeal that might be taken from the determination of said board of county commissioners; that the actual value of the land so taken, with the improvements thereon, was at the date thereof $200, and, by reason of such appropriation, the remaining portion of the land was damaged and lessened in value in the sum of $400."

The railway company, in its answer, denied all the allegations in each and every count of the petition, except the condemnation and appropriation of the right-of-way over the land and the award of the commissioners. Upon the trial, at the November term, 1889, before the court and a jury, judgment was rendered in favor of the plaintiff against the railway company for $452.21 and costs. The *Railway Company* brings the case here.

*M. A. Low*, and *W. F. Evans*, for plaintiff in error:

The court erred in overruling the motion of defendant below to dismiss the appeal. The award of the board of county commissioners as to the value of the land appropriated and the damages to the property not appropriated was joint, and not several. The condemnation proceedings were *in rem*, and

all persons who owned any interest in the land in question were affected thereby; and such persons were interested in the award to the extent of their interest in the land. The petition shows that the legal title to the land was in Susan A. Ellis, and that the defendant in error owned a life interest therein. Before the award could be vacated or set aside, all persons who would be affected thereby should be made parties to the proceedings seeking the vacation. *C. K. & W. Rld. Co. v. Grovier,* 41 Kas. 685.

It is well settled that before a judgment or award can be vacated all persons who would be affected thereby must be made parties to the proceedings seeking the vacation. Powell, App. Proc., p. 374; Hilliard, New Tr., p. 601, § 106; *Ex parte Polster,* 10 Kas. 204; *Armstrong v. Durland,* 11 id. 15; *Hodgson v. Billson,* 11 id. 357; *Bassett v. Woodward,* 13 id. 341; *Richardson v. McKim,* 20 id. 346; *Thompson v. Manufacturing Co.,* 29 id. 480; *Browne's Appeal,* 30 id. 331; *Paper Co. v. Hentig,* 31 id. 322; *McPherson v. Storch,* 49 id. 313.

See, also, *C. R. I. & P. Rld. Co. v. Hurst,* 30 Iowa, 74, 75; *Railroad Co. v. Anderson,* 42 Kas. 297; Civil Code, §§ 26, 28; *Scantlin v. Allison,* 12 Kas. 85; *Cassidy v. Woodward,* 77 Iowa, 354.

The authorities are all to the effect that the trustee is the proper party to maintain all actions affecting or relating to the trust property. *Davis v. C. R. B. Rld. Co.,* 11 Cush. 506; *The State v. Orange,* 32 N. J. L. 49; *The State v. E. & A. Rld. Co.,* 36 id. 181; *People v. Robinson,* 29 Barb. 77; *Small v. Railway Co.,* 13 S. E. Rep. 694.

The court erred in admitting certain evidence which was offered in support of the first count of the petition. Ordinarily, where one purchases land and pays for it and takes the title in the name of another, there arises by operation of law a resulting trust in favor of him whose money paid for it. Hill, Trustees, p. 146. See, also, 2 Pom. Eq. Jur., § 1039; *Beavers v. McKinley,* 50 Kas. 602; *Maxwell v. Maxwell,* 109 Ill. 588; *Smith v. Smith,* 33 N. E. Rep. 35.

The alleged agreement and understanding as to plaintiff's

interest in the land was made by oral communications between the husband and wife. This evidence relates to a communication made during the marriage between the husband and wife, neither of whom could testify concerning the same. Civil Code, § 323, subdiv. 3; *L. N. & S. Rly. Co. v. Usher*, 42 Kas. 637; *Chandler v. Dye*, 37 id. 765; *French v. Wade*, 35 id. 391; *Anderson v. Anderson*, 9 id. 112.

*W. S. Wilcoxon*, and *E. A. McMath*, for defendant in error:

The motion of the railway company to dismiss the appeal was properly denied. A mere statement of the facts is a sufficient answer to the claim made by the counsel for the railway company, that John Ellis could not appeal from the award made by the commissioners. He had a right of appeal apart from any question as to the assignment to him of his wife's interest in the damages caused by the appropriation. The petition alleged and the evidence proved sufficient facts to show that he had a material interest in the award appealed from, prior to and apart from such assignment. Counsel for the plaintiff in error assume in their argument that the right to appeal in such cases is limited to the owner of the legal title. We do not understand this to be the law. The word "owner," as used in the statutes relating to condemnation proceedings, is properly construed to include every person having any interest in the land condemned. Tenants or occupants of land condemned may have an award of the damages sustained by them. See *Comm'rs of Smith Co. v. Labore*, 37 Kas. 486, and other cases there cited. Possession alone is sufficient to maintain the proceeding. Mills, Em. Dom., § 440.

The trust, as alleged and proven, was not an express trust, but an implied or resulting trust. An express trust is only created and evidenced by some written instrument which sets forth the trust. See *Ingham v. Burnell*, 31 Kas. 336. There was no attempt to allege or prove an express trust. There are no facts in this case to make it an exception to the general rule in this state, that the action must be prosecuted in the name of the real party in interest.

The plaintiff did not allege or attempt to prove an express trust in the land, but only a resulting trust — one which arises by implication of law, where the conveyance is made to one person and the consideration is paid by another. Parol evidence is admissible to prove a resulting trust or one which may arise by implication of law. See *Marsh v. Davis*, 33 Kas. 326; Story, Eq. Jur., §§ 1206, 1207.

The cases cited by counsel for the railway company as holding that a trust in lands cannot be proved by parol evidence are cases where the question arose between the grantor and grantee, the court holding that in such cases no implied or resulting trust could arise.

Counsel for the railway company also now claim that this evidence should have been rejected by reason of § 323 of the code, which provides that a husband or wife is incompetent to testify as to communications made by one to the other during marriage. But counsel did not make any such objections upon the trial in the court below. The objection there made was that the evidence itself was incompetent.

An objection to the introduction of testimony, to be available in this court for purposes of error, must distinctly and clearly state the point of objection, so that the court may see from the record that the very objection presented here was presented to the mind of the trial judge. See *K. P. Rly. Co. v. Cutter*, 19 Kas. 89; *Joseph v. National Bank*, 17 id. 260.

An objection to a question for incompetency does not raise any question as to the qualification of the witness, even where he is expressly disqualified by statute. *Abbott v. Coleman*, 22 Kas. 250; *K. P. Rly. v. Pointer*, 9 id. 627; *Cornell v. Barnes*, 26 Wis. 473, 480. Even if it was error to admit the evidence in question, it was immaterial, and in no way prejudicial to the railway company.

The opinion of the court was delivered by

HORTON, C. J.: It is contended that the trial court erred in overruling the motion of defendant below to dismiss the appeal. At the time of the condemnation proceedings, the

legal title to the land over which the right-of-way was condemned was in Susan A. Ellis, the wife of John Ellis. The commissioners made the award to John Ellis. He appealed. If Susan A. Ellis was dissatisfied with the award, or with any part thereof, she should have appealed. Whatever her rights are in the premises, not having appealed, she is absolutely bound by the award. The failure of the commissioners to ascertain that Mrs. Ellis had the legal title or any interest in the land would not prevent her from appealing. (*Railroad Co. v. Grovier*, 41 Kas. 685.) But we think the court did not err in refusing to dismiss the appeal. John Ellis, according to his petition, was in the actual possession of the land and had a life interest therein. His interest was distinct from that of his wife, Susan A. Ellis. The owners of distinct interests in the same property may appeal separately. (*Lance v. Railroad Co.*, 57 Iowa, 636.) Ellis cannot be denied his right to maintain an appeal because his wife neglected to join therein. If the award of the commissioners was jointly for John and Susan A. Ellis, or if the premises appropriated for the right-of-way were a part of the homestead, it is possible that Ellis could not properly prosecute his appeal without uniting his wife as appellant or making her a party to the proceedings. (*Railroad Co. v. Hurst*, 30 Iowa, 73; *Railroad Co. v. Anderson*, 42 Kas. 297.) But, according to the evidence, the land is not a homestead and the award of the commissioners was not joint.

1. Eminent domain—life interest—parties on appeal.

Upon the trial, the appeal was heard and determined as if John and Susan A. Ellis had each perfected appeals. This was erroneous. Upon the appeal, Ellis was only entitled to recover on the first count of his petition. He can only recover damages for such an interest or estate in the land taken as he can establish in himself. He could not upon the appeal recover anything on account of the interest or claim of his wife, who did not appeal, although she attempted to transfer and assign to him her alleged claim or interest in the land. It would have been

2. Measure of damages.

better, probably, for both John and Susan A. Ellis to have appealed, but for some reason Susan A. has neglected or refused so to do. Having so neglected or refused, she cannot found her appeal upon the action taken by her husband, John Ellis, even though, according to the petition, she has since his appeal transferred in writing her alleged interest or claim.

As the cause must be reversed for the error noticed, it is important to refer to evidence improperly admitted. Ellis attempted to show his interest in the land, upon the trial, by a verbal agreement between himself and his wife. (Gen. Stat. of 1889, ¶¶ 7162, 7164, 7166.) Neither a husband nor wife is permitted to testify concerning any communication made by one to the other during the marriage. (Civil Code, § 323, subdiv. 3.) This is admitted; but it is answered that the railway company did not make sufficient objections upon the trial to the oral communications. An examination of the record shows that the attention of the court was called directly to the evidence as a conversation between husband and wife. We quote:

3. Husband and wife, when not to testify.

"Ques. Who paid the consideration for the conveyance? Ans. I paid it myself.

"Q. Well, state under what circumstances that conveyance was made in that way; did you have any agreement with her (his wife) beforehand in regard to it? [Defendant objects to the question, for the reason that it is incompetent, irrelevant, and immaterial; calling for a conversation, agreement and understanding had between the plaintiff and his wife. Objection overruled. Defendant excepts.] A. We had an agreement beforehand that I was to have the land my lifetime, the same as if the deed was in my name; that I was to use it for whatever purpose that I saw fit; that I was to pay all expenses of improving the land.

"Q. Was that agreement in writing? A. No, sir. [Defendant objects to the answer last made by the witness about the conditions of the agreement, and asks the court to strike it out, so far as it has been given, as incompetent, irrelevant, and immaterial, and for the reason that the witness has stated that the agreement or understanding was not in writing, and it must necessarily have been a parol communication between the parties. Objection overruled, and motion refused at this

time, to which ruling of the court defendant excepts.]. A. I was to use the land for whatever purpose that I saw fit, and that I was to derive all benefits from the land; that I was to have all I raised, the stock that run on the land, etc.; it was to be my land my lifetime, the same as if the deed was in my name, and that I deeded her the land in case of my death, that she would have something to sell to support the family.

Q. This agreement that you had with your wife, was that had about the time of the purchase of the land? [Objected to, for the reason that it is incompetent, irrelevant, and immaterial. Objection overruled. Defendant excepts.] A. Yes, sir; just before this."

Subsequently, when the husband testified more in detail of the communications between himself and wife, the evidence was objected to as incompetent. (*Railway Co. v. Usher*, 42 Kas. 637; *French v. Wade*, 35 id. 391; *Chandler v. Dye*, 37 id. 765.)

The judgment of the district court will be reversed, and the cause remanded for a new trial.

All the Justices concurring.