THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY v. MISSOURI A. SELDERS.

No. 55.

1. RIGHT OF WAY — *Valid Statute*. Article 9 of chapter 23, Compiled Laws of 1885, authorizing real estate to be appropriated for the use of railroad companies for right of way, does not contravene the provisions of section 4, article 12, of the constitution of Kansas. (*Hunt v. Smith*, 9 Kan. 138.)

2. ———— *Condemnation Proceedings — Notice*. Condemnation proceedings under the statutes are essentially proceedings *in rem*, and when commissioners have been duly appointed and qualified and given notice by publication that they will proceed at a given time and place to commence the condemnation of a right of way for a railroad through the county, it is the duty of all persons owning property that is liable to be affected by such appropriation to take notice of all future proceedings, and thereby protect their rights.

3. ———— *Parties Affected — Disposition of Deposit*. The condemnation of a right of way for a railroad, the appraisement of the land appropriated for railroad purposes, the assessment of damages to the residue of the tract of land from which it is taken and the deposit of the money in the county treasury in accordance with the report of the commissioners includes the whole right of way and interest of every person concerned in the land. and the money, when deposited with the county treasurer, becomes in law the property of the party entitled to it, and is subject to

32—4 KAN. APP.

to disposal by a court having jurisdiction to determine the rightful owner thereof.

4. ———— *Landowner Estopped by Failure to Appeal from Award.* Where condemnation proceedings have been conducted in strict conformity with the requirements of the law, and compensation for the land appropriated as right of way has been secured by the deposit of money with the county treasurer of the county where the land is situated, and the owner of the land fails to appeal or take any legal action in the matter until the completion and operation of the railroad, he is then estopped from maintaining an action in ejectment to evict the railroad company from the right thus acquired.

MEMORANDUM.— Error from Ness district court; V. H. GRINSTEAD, judge. Action by Missouri A. Selders against The Chicago, Kansas & Western Railroad Company and another in ejectment. Judgment for plaintiff. Defendant company brings the case to this court. Reversed. The opinion herein was filed May 12, 1896.

The statement of the case, as made by JOHNSON, P. J., is as follows:

This action was commenced by Missouri A. Selders against the Atchison, Topeka & Santa Fe Railroad Company and the Chicago, Kansas & Western Railroad Company in ejectment, to recover the possession of a strip of land 200 feet wide across the north half of the northeast quarter of section 35, township 18, range 26, in Ness county, Kansas, used by the Chicago, Kansas & Western Railroad Company as the right of way for its railroad, and for damages in the sum of $800. The Atchison, Topeka & Santa Fe Railroad Company filed its separate answer and disclaimed any interest in or to said strip of land, and denied that it was in the possession of the same. The Chicago, Kansas & Western Railroad Company filed its separate answer and denied the title of plain-

tiff, and denied that she was damaged in any sum whatever. After issues were joined, a formal trial was had before the court and jury, and a verdict and judgment were given for plaintiff below, which were set aside on motion, and a new trial awarded. A second trial was had before the court without a jury. . The court made special findings of fact and conclusions of law thereon, as follows :

"1. That on the 25th day of January, 1885, one Joseph B. Robinson, duly entered at the government land-office at Wa Keeney, Kan., the north one-half of the northeast quarter of section No. 35, township No. 18 south, of range No. 25 west of the sixth principal meridian, in Ness county, Kansas, at the time making full payment therefor. And that at said time the receiver of public money at said land-office issued to said Joseph B. Robinson a final recept for said land ; that said final receipt was duly filed for record in the office of the register of deeds in and for the county of Ness, in the state of Kansas, on the 13th day of July, 1886 ; that said land is the same land described in plaintiff's petition.

"2. That on the 18th day of February, 1886, said Joseph B. Robinson and his wife, by warranty deed, duly executed, acknowledged, and delivered, conveyed said land to one Jefferson Murrey.

"3. That on the 20th day of February, 1886, the said Jefferson Murrey conveyed said land by warranty deed, duly executed and acknowledged, to the plaintiff in this action.

"4. That the two warranty deeds mentioned in the second and third findings of fact, were duly filed for record in the office of the register of deeds within and for Ness county, Kansas, on the 17th day of March, 1886.

"5. That thereafter, and on the 14th day of March, 1890, the government of the United States duly issued to Joseph B. Robinson a patent to said land.

"6. That on the 31st day of August, 1886, the defendant the Chicago, Kansas & Western Railroad

Company instituted proceedings to condemn the right of way for a railroad-track through Ness county, Kansas, and over and upon the land described in the first finding of fact, by procuring the appointment, upon its application, by the judge of the district court of said Ness county, of three commissioners, to wit, Ross Lawrence, J. E. Farnsworth, and N. H. Stidger, to lay off a route for such railway-track, and to appraise and assess the damages for such right of way; that said commissioners were duly appointed and qualified.

"7. That a map and profile for said route for said railroad was duly made and filed in the office of the county clerk of Ness county, Kansas, on the 14th day of November, 1887.

"8. That said commissioners gave due notice of the time and place where and when they would begin to lay off said railroad route, said notice being by publication.

"9. That said commissioners made a report in due time of their proceedings, and filed the same in the office of the county clerk of Ness county, Kansas, on the 13th day of October, 1886, and on the 10th day of November, 1886.

"10. That said commissioners laid off as part of said railroad route and right of way a strip of land 200 feet wide upon and across the land described and referred to in the first, second and third findings of fact herein, commencing at the east boundary line of said tract of land, and extending across the same to the west boundary line of said tract of land, and being the same strip of land described in plaintiff's petition, and appraised said strip of land and assessed the damages thereto in the name of and to Lowrie, Baker & Co., and in the said report of said commissioners said damages were so assessed; that said damages so assessed amounted to $194.81, and were assessed to the entire northeast quarter of said section 35, township 18 south, range 26, in said Ness county, as one tract, and that said damages were deposited by the defendant the Chicago, Kansas & Western Railroad Company

with the county treasurer of said Ness county, in the month of November, 1886.

"11. That said Lowrie, Baker & Co., nor either of them, ever at any time had, owned or possessed any title, interest or estate in or to said north half of the northeast quarter of said section 35, or said strip of land, but that said real estate last aforesaid and said strip of land was, when said railroad route was located thereon, as hereinbefore stated, owned by the plaintiff, and that the plaintiff has ever since continued to be and is now the owner of the same.

"12. That the defendant the Chicago, Kansas & Western Railroad Company was at the commencement of this action in possession of the strip of land hereinbefore referred to and described in the tenth finding of fact, as a right of way for its road-bed.

"13. That no part of said sum of $194.81 was deposited by the defendant the Chicago, Kansas & Western Railroad Company with the county treasurer of said Ness county for the plaintiff, but that said damages and sum of money were so deposited for Lowrie, Baker & Co., as the probable owners of said land.

"14. That said damages, to wit, said sum of $194.81, were paid by said county treasurer to one Fred Lowrie, for said Lowrie, Baker & Co., on the 25th day of December, 1886.

"15. That during the early part of the year 1887 the defendant the Chicago, Kansas & Western Railroad Company constructed and built a railroad-track upon said strip of ground across the said north half of the northeast quarter of said section 35, and has since continued to use and occupy the said strip of land as a right of way.

"16. That said plaintiff was not a resident of Ness county, Kansas, and was not in said Ness county at the time said condemnation proceedings were had, and had no actual knowledge of said condemnation proceedings, or of the building and construction of said railroad upon said strip of land, until a year or more after said railroad had been built and in operation thereon.

"17. That the plaintiff, upon learning that said railroad had been built upon said strip of land, demanded of said county treasurer of said Ness county the payment to her of the damages assessed as aforesaid, but payment thereof to the plaintiff was refused by the said county treasurer.

"18. That the plaintiff has never received any compensation for the strip of land described in the tenth finding of fact, used and occupied by the defendant the Chicago, Kansas & Western Railroad Company for a right of way for its railroad, or any compensation on account of the building and construction of said railroad upon said land or any part thereof.

"19. That on the 1st day of October, 1890, the same being the day when the first trial of this cause was had in this court, and after the commencement of this action, the defendant the Chicago, Kansas & Western Railroad Company deposited with the county treasurer of said Ness county the sum of $213.80, as damages for the railroad right of way to the quarter-section of land heretofore described, of which the north half of the northeast quarter of said section No. 35 is a part.

"20. That the plaintiff did not appeal from said condemnation proceedings."

Conclusion of law:

"The plaintiff is entitled recover the possession of the strip of land described in her petition, occupied by the defendant the Chicago, Kansas & Western Railway Company as a right of way for its railroad, without damages."

The Chicago, Kansas & Western Railroad Company, defendant below, duly excepted to the conclusion of law, and filed a motion for judgment in its favor upon the findings by the court, which motion was overruled, and it duly excepted, and then filed a motion for a new trial, which was overruled and exceptions taken. It then made a case and brings it here for review.

*A. A. Hurd, O. J. Wood, W. Littlefield,* and *Alfred A. Scott,* for plaintiff in error.

*Thomas Berry,* for defendant in error.

The opinion of the court was delivered by

Johnson, P. J. : The only question presented by the record for the consideration of this court is whether, under the findings of fact, the plaintiff below was entitled to a judgment of eviction against the Chicago, Kansas & Western Railroad Company.

It appears from the record that the railroad company in 1886 was authorized to construct its railroad through Ness county, and took the necessary steps to secure the right of way through the county by having three commissioners appointed by the judge of the district court; that the commissioners were duly appointed and qualified, and gave notice by publication of the time and place at which they would proceed to lay off along the line of the proposed railroad a route for the road through Ness county. The commissioners proceeded in accordance with the notice to lay off the route for said railroad, as required by the company, and appraised the value of each tract of land as right of way, and assessed the damages to the several tracts of land through which the route was so located, and after they had completed laying off the route and appraised the value of land taken, and assessed damages thereto, they embodied their doings in a written report, and filed the same in the office of the county clerk of said county. The commissioners, in laying off said route for the railroad company, laid off as a part of said route and right of way a strip of land upon and across the lands of plaintiff below, commencing at the eastern boundary line of

her land and extending across the same to the western boundary thereof, and appraised said strip of land and awarded damages thereto in the sum of $194.81. The award of damages to the same was made in the name of Lowrie, Baker & Co., the amount awarded being deposited with the county treasurer of Ness county within 30 days after filing of such report. Lowrie, Baker & Co. were not the owners of the land and had no interest in the same. The railroad company, soon after the condemnation proceedings, took possession of the right of way so condemned, and commenced the construction of its road, and soon thereafter had the same completed, and has been in the occupancy of the land ever since, operating its road thereon. The condemnation proceedings were had under article 9, chapter 23, Laws of 1885. It is not claimed that the proceedings were not in conformity to the provisions of this article, but it is claimed that the appropriation of the strip of land for right of way was in violation of the rights of the plaintiff below, under section 4 of article 12 of the constitution of Kansas; that her land had been appropriated for right of way for the railroad company without full compensation therefor having been first made in money, or secured by a deposit of money to her as the owner thereof; that the commissioners having appraised the value of the land and damages to the resi1ue of her land to Lowrie, Baker & Co. rendered the condemnation void as to her, and gave her a right to evict the railroad company from the right of way.

Article 9 of chapter 23, Compiled Laws of 1885, authorizing real estate to be appropriated to the use of railroad companies for right of way, does not contravene the provisions of section 4, article 12, of the constitution. (*Hunt v. Smith*, 9 Kan. 138.)

Does the mere fact that in the condemnation proceedings the commissioners in their report name another than the true owner as the party to whom the award is to be paid render the condemnation void? Or, in other words, does the mere fact that the commissioners found Lowrie, Baker & Co. to be the owners of the land, and awarded damages to them for the land appropriated, render the whole proceedings void so as to permit the true owner, after the railroad is constructed and in operation, to evict it from the right of way? Condemnation proceedings under the statute are essentially proceedings *in rem*. When commissioners have been duly appointed, have qualified, and given notice by publication that they will proceed at a given time and place to commence the condemnation of the right of way for a railroad company through the county, it is the duty of all persons owning property that is liable to be affected by such appropriation to take notice of all future proceedings, and thereby protect their rights.

Article 9 of chapter 23 of the Compiled Laws of 1885 describes the proceedings regarding the right of way for railroad companies, and fully and particularly sets out and defines the duties of the commissioners, and, under the proceedings for acquiring the right of way by exercise of the right of eminent domain, the commissioners are required to give public notice, by advertisement in some newspaper published in the county and of general circulation therein, where the proceedings are to be had. The object of this publication is to notify all persons interested in any property to be affected by taking and appropriating of property along the line of the proposed railroad, so that they may appear and present their claims to the commissioners, and inform them of their claim, if

any, as they proceed with the laying out of the route and the appraisement of the value and assessment of the damages, and to present to the commissioners whatever interest such persons have in the lands to be affected by the location. If the award of the commissioners in the appropriation of the land is not satisfactory, they may appeal to the court having jurisdiction of such matters, and have their rights fully protected.

In the case of the C. K. & W. Rld. Co. v. Grovier, 41 Kan. 686, JOHNSTON, J., delivering the opinion of the court, says:

" It is further claimed that, as lots 10 and 11 in block 1 were designated in the report of the commissioners as the property of Simar, Grovier is thereby precluded from taking an appeal from the award made for their appropriation. The mere act of the commissioners in designating who are the probable owners of the land which they condemn can have no such effect. Under our statute the owners are not made parties to the condemnation proceedings by name, nor are they served with personal notice. The notice is given by publication, and in that notice the names of the owners are not required to be given. (Gulf Rld. Co. v. Shepard, supra.) When that publication is made, all owners whose lands may be condemned must take notice, and if dissatisfied with the award when it is made they can, and to protect their interests should, take an appeal, regardless of whether or not they are designated as owners in the report. It is the duty of the commissioners, so far as possible, to ascertain the names of the owners of each tract or lot of land condemned, and so describe them in the report which they make; or, if the lot or tract belongs to different owners, they should appraise the value and assess the damages of each of such owner's interest. If they are unable to learn the names of the owners of each lot or tract, or the names of the owners of each interest in the same, they should so state in their report. The failure of

the commissioners, however, to ascertain and designate the owners, whether it occurs from ignorance, inadvertence, or inability, will not prevent the real owner of any parcel of real estate or interest in the same from availing himself of the remedy of appeal. In the present case, through a mistake, Simar was designated in the report as the ' probable name of owner ' of lots 10 and .11 in block 1, when as a matter of fact he had no interest whatever in them.   Grovier was the exclusive owner of the lots, and took an appeal from the award made for their appropriation by specifically mentioning them in the appeal bond which he filed.''

In the case of *C. K. & W. Rld. Co. v. Sheldon*, 53 Kan. 172, JOHNSTON, J., delivering the opinion of the court, says :

'' The general notice by publication is sufficient, and, when legally made, all persons who have an interest in the land must take notice of the subsequent proceedings, whether they are named in the notice or not.   If any owner is dissatisfied with the award when it is made he may protect his interest by taking an appeal.   When the award is paid into the county treasury any one having an interest in the land or a claim upon the funds may take proceedings to protect his interest or. claim.''

The condemnation of the right of way for a railroad and the appraisement of the lands appropriated for railroad purposes, and the assessment of damages to the residue of the tract of land from which it is taken and the money deposited in the county treasury in accordance with the report of the commissioners includes the whole right of way and interest of every person concerned in the land, and the money, when deposited with the county treasurer, becomes in law the property of the party entitled to it, and is subject to the disposal of a court having jurisdiction to determine the rightful owner thereof.

(*United States v. Dunnington*, 146 U. S. 338 ; *Crane v. City of Elizabeth*, 36 N. J. Eq. 339.)

The only complaint made by the plaintiff below is that the money was deposited for the benefit of Lowrie, Baker & Co. and not her. After the completion of the railroad and it was in operation she was satisfied with the amount awarded as compensation, and demanded the same from the treasurer, and he refused to pay it to her. The railroad company acted in good faith in the matter. It had competent persons appointed as commissioners. They proceeded in accordance with the provision of the statute, qualified, and gave notice by publication to all persons interested in property to be affected by the condemnation of lands along the proposed line of railroad or right of way, and had the same carefully surveyed, and ascertained the amount of land necessary to be taken out of each tract of land through which it was located, and appraised the value of the land so taken and assessed the damages to the residue of each tract, made and filed their report in the office of the county clerk of the county where the lands were situated, and the company filed its plat and profiles of the route, so that all persons interested were duly notified of just what the railroad company had done and the rights that it was thereby acquiring ; and if the landowners whose property was affected thereby had ample time to take appeals, if dissatisfied with the proceedings, and did not appeal or take any action to protect their rights in the premises, it was their own fault, and they cannot be heard to complain after the railroad has been completed and in operation.

The condemnation being in strict conformity with the requirements of the law, and compensation for the land appropriated as right of way having been se-

cured by the deposits of money with the county treas-
urer of the county where the land is situated, and the
owner of the land, failing to appeal or take any legal
action in the matter until the completion and opera-
tion of the railroad, is now estopped from maintaining
an action in ejectment to evict the railroad company
from the right of way thus acquired. Judgment
should have been rendered for the railroad company
on the special findings of fact.

The judgment of the district court is reversed, and
the case remanded to the district court, with direction
to enter up a judgment for defendant below on the
special findings of fact, in accordance with this opinion.

All the Judges concurring.