THE KANSAS & COLORADO PACIFIC RAILWAY · COMPANY *et al.* v. WILLIAM PHIPPS *et al.*

No. 145.

1. EMINENT DOMAIN — *Valid Statute.*  Article 9 of chapter 23, General Statutes of 1889, authorizing the appropriation of real estate for the use of railroad companies for right of way, does not contravene the provisions of section 4, article 12, of the constitution of Kansas. (*Hunt v. Smith,* 9 Kan. 138.)

2. ——— *Proceeding in Rem — Notice Includes All Parties Interested.*  Condemnation proceedings under the statutes are essentially proceedings *in rem,* and when commissioners have been duly appointed and qualified and given notice by publication that they will proceed at a given time and place to commence the condemnation of a right of way for a railroad company through the county, it is the duty of all persons owning property that is liable to be affected by such appropriation to take notice of all future proceedings, and thereby protect their rights.   ·

3. ——— *Proceeding Defined —Deposit Subject to the Disposal of a Court.*  The condemnation of the right of way for a railroad company, the appraisement of the land appropriated for railroad purposes, the assessment of damages to the residue of the tract

of land from which it is taken and the money deposited in the county treasury in accordance with the report of the commissioners represent the whole right of way and interest of every person concerned in the land, and the money, when deposited with the county treasurer, becomes in law the property of the party entitled to it, and is subject to the disposal of a court having jurisdiction to determine the rightful owner thereto.

4. ———— *Where Proceedings Are Regular, Ejectment Will not Lie.* Where condemnation proceedings have been conducted in strict conformity to the requirements of the law, and compensation for the land appropriated as right of way has been secured by the deposit of money with the county treasurer of the county where the land is situated, and the owner of the land fails to appeal or take any legal action in the matter until the completion and operation of the railroad, he is then estopped from maintaining an action in ejectment to evict the railroad company from the right thus acquired.

MEMORANDUM.— Error from Bourbon district court; J. S. WEST, judge. Action by William Phipps and others against The Kansas & Colorado Pacific Railway Company and The Missouri Pacific Railway Company. Judgment for plaintiffs. Defendants bring the case to this court. Reversed. The opinion herein, filed July 13, 1896, states the material facts.

*Waggener, Horton & Orr*, for plaintiffs in error.
*J. D. McCleverty*, for defendants in error.

The opinion of the court was delivered by

COLE, J.: The defendants in error brought this action, alleging in their petition that they were the owners, as tenants in common, of a certain piece of real estate situated in Bourbon county, Kansas, and that the defendant railroad companies were in the use and possession of a strip of land as their right of way upon and across said real estate; that in 1885 or 1886 the Kansas, Nebraska & Dakota Railway Company built its road across said land without any right or

authority, and that since said date said company has been consolidated with and has changed its name to the Kansas & Colorado Pacific Railway Company; that demand has been made upon all the said companies by plaintiffs below for compensation to be paid to them for such right of way, or that possession be yielded thereof, which demand has been refused. The petition alleged further that the defendant companies and their predecessor have been and are operating the railroad upon and across said strip of land, and set forth the damages in specific items alleged to have been sustained by reason of the use of said lands. Judgment was asked for damages for injury to the land, and that the court fix and determine the value thereof, and also fix some reasonable time within which said companies should pay for said strip of land, and, in the event of their failure so to pay, that they be restrained from using or occupying said strip of land in any way whatever.

The Kansas & Colorado Pacific Railway Company, for its answer, admitted the occupancy of the premises as alleged in the petition, and set up as a defense that the said right of way had been regularly and legally appropriated and condemned in accordance with law, and that the value of said land had been paid to the person adjudged by the condemnation commissioners to be the owner thereof, in the manner provided by law. It also pleaded, as a separate defense, the statute of limitations. The Missouri Pacific Railway Company, for its answer admitted that it was operating the railway of its codefendant, which said railway was established and constructed over and across the lands described in the plaintiffs' petition, and further alleged that the right of way had been legally established. It also pleaded the statute of limita-

tions. A reply was filed to these answers, and the cause came on to be heard before the court upon an agreed statements of facts, and judgment was rendered in favor of the plaintiff below, from which judgment the railway companies bring the case here for review.

The facts in this case are that the Kansas, Nebraska & Dakota Railway Company instituted condemnation proceedings in the district court of Bourbon county, and commissioners were duly appointed to appraise the right of way for said road through said county. The commissioners proceeded to appraise said right of way, and in so doing awarded to W. H. Van Buskirk, as owner of the tract in question, the damages assessed for the right of way across the piece of land in question. At the time Van Buskirk was in actual possession and occupancy of the tract in question, and was, so far as the record is concerned, the absolute owner thereof. The amount of the award was deposited with the county treasurer, and no appeal was taken therefrom by any person within the time prescribed by statute. The agreed statement of facts admits that the condemnation proceedings were in all respects regular. At a later date an action was commenced by defendants in error in the nature of a suit in partition, and it was finally held that W. H. Van Buskirk held his title in trust for the benefit of the defendants in error in this case. (*Phipps v. Phipps*, 39 Kan. 495 ; 47 id. 328.)

The main question for our decision in this case is : Where condemnation proceedings have been conducted in strict conformity with the requirements of the law, and compensation for the land appraised as right of way has been secured by the deposit of money with the county treasurer of the county where the

land is situate, and the person adjudged to be the owner by the condemnation commissioners receives the amount so deposited, and no appeal is taken within the time prescribed by statute by any one, has the right of the railroad company to occupy the land for the purposes necessary to the construction and use of its road become final and conclusive? Or, if it afterward appear that some other person than the one named by the commissioners is the actual owner, can such person maintain an action for damages or otherwise after the time allowed by statute has elapsed for an appeal from the award of the commissioners?

The right of condemnation of private land for public uses exists aside from the statute. It is an inherent right—a part of the sovereign power. But it must be exercised in the manner and under the forms prescribed by statute. Where, however, this right has been exercised in strict conformity to the statute, the result is final, and the right to the use and occupation of the property condemned is conclusive. This question in all of its phases has been so lately passed upon by this court in the case of *Armstrong v. Moore*, 1 Kan. App. 450; *C. K. & W. Rld. Co. v. Selders* [post], 44 Pac. Rep. 1012, that we consider it unnecessary to enter into the further discussion of it at this time. The opinions in both cases cited were carefully and ably prepared by JOHNSON, P. J., and the questions involved were carefully discussed and considered by all the members of this court, and we can see no reason for changing our views upon the propositions therein decided. In conformity with those cases, we hold in this case: (1) That the statute of this state authorizing real estate to be appraised for the use of railroad companies for right of way does not contravene the pro-

visions of section 4, article 12, of the constitution of
Kansas ; (2) that the condemnation proceedings un-
der the statute are proceedings *in rem,* and where such
proceedings are had in strict compliance with the
statute, it is the duty of all persons owning property
that is liable to be affected thereby to take notice
thereof and protect their rights ; (3) that the money
deposited in the county treasurer's office in accordance
with the reports of the commissioners represents the
interest of every person concerned in the land appro-
priated ; (4) that where condemnation proceedings
have been conducted in strict conformity with the re-
quirements of the statute and compensation for the
land appraised has been secured by the deposit of
money with the county treasurer, and the owner of the
land fails to appeal or take any legal action until the
completion and operation of the road, he is then
estopped from maintaining any action in the premises.

Some argument is made by counsel for defendant
in error upon the proposition that, in this case, the
award was not made for each separate tract of land,
but in view of the fact that the agreed statement of
facts upon which this cause was tried specially admits
that the condemnation proceedings were in all re-
spects regular, we cannot consider this argument.

It is also urged im this case that the statute of lim-
itation had run against the cause of action. It is
somewhat difficult to determine from the manner in
which the petition is drawn just what the nature of
action is, but we are inclined to the opinion that it is
in the nature of an injunction, and was therefore not
barred.

For the reasons above stated, however, the judg-
ment must be reversed, and this cause remanded, with
instructions to the district court of Bourbon county

17—4 KAN. APP.

to render judgment for plaintiffs in error upon the findings of fact made by said court.

DENNISON, J., concurring.

JOHNSON, P. J., not sitting, having been of counsel.