MILHOLLIN and Others *v.* THOMAS.

The general highway act of 1849 gave to the boards of commissioners jurisdiction of the opening of highways, and also gave an appeal from their decisions to the Circuit Court.

The county auditor was authorized, under the R. S. 1843, to administer the oath concerning the putting up of notices of an intended application for a highway, and that the petition was signed by the requisite number of freeholders.

A petition, under the act of 1849, to the board of commissioners for the location of a highway, stated the names of the owners of the lands through which the contemplated road would pass, but did not state who occupied them.

*Held,* that the omission was an immaterial one.

*Held,* also, that it could not affect the jurisdiction of the board.

It was not necessary, under the act of 1849, that a petition to the board of commissioners for the location of a highway, should be signed by more than one person.

A person appeared to an application to the board of commissioners to locate a highway, remonstrated, and had assessors appointed on his own motion. *Held,* that he could not afterward object that proper notice had not been given of the application for the highway.

ERROR to the *Warren* Circuit Court.

GOOKINS, J.—*Milhollin* and others presented their petition to the board of commissioners of *Warren* county, praying for the establishing of a county road. Viewers were appointed, who reported in favor of the proposed road. *Thomas* appeared and filed a remonstrance, on the

*Friday,
December 7.*

ground that the road, if established, would not be of pub-
lic utility; whereupon reviewers were appointed, who re-
ported that the road would be of public utility. *Thomas*
then made his claim for damages, because the road was
located through his land; and on his motion, three free-
holders were appointed, pursuant to the statute, who re-
ported that he would sustain no damages by the opening
of the road. Upon this report, the board of commissioners
established the road, and ordered it to be opened, from
which order *Thomas* appealed to the Circuit Court, where,
on his motion, the proceedings were dismissed for want of
jurisdiction. The petitioners prosecute this writ of error.

We are not informed by the bill of exceptions, nor by
the defendant in error, in what respect there was supposed
to be a want of jurisdiction. The statute of 1849, p. 102,
which was in force when these proceedings were had, ex-
pressly gives the board of commissioners jurisdiction of
the opening of highways, and an appeal to the Circuit
Court from their decisions. The jurisdiction of the sub-
ject then was complete.

The plaintiff in error informs us that three objections
were taken to the proceedings, and as none others are
pointed out, these alone will be noticed. One is that the
proof of the putting up of the notices of the intended
application, and that the petition was signed by the requi-
site number of freeholders, was made upon oath adminis-
tered by the county auditor. The statute of 1843, p. 189,
sec. 52, gives the auditor power to administer all oaths
necessary to the performance of the duties of his office.
He is *ex officio* clerk of the board of commissioners, who,
when in session, are a Court of record, with power to
administer oaths. There is no doubt of his authority to
administer the oaths in question; and if it were otherwise
it would be no failure of jurisdiction.

Another objection is stated to have been, that the peti-
tion did not designate the owners *and occupants* of the
lands through which the contemplated road would pass,
as required by the statute. Acts of 1849, p. 103, sec. 11.
The petition did specify the names of the owners, but did

not state who occupied the lands. We do not know that the lands were occupied. They may have been vacant. If there is any presumption on the subject, it is that they were occupied by the owners. And besides, the defect, if any, was subject to amendment, either before the commissioners or in the Circuit Court, where it stood as an original case. It was no failure of jurisdiction.

Another objection is stated to have been, that the notice of the intended application for a road was not signed by the petitioners. The notice contained in the transcript appears to have been signed by *Milhollin*, one of the petitioners. If it was necessary that it should be signed by any of them, one was enough; and, besides, *Thomas* appeared, and remonstrated, and had assessors appointed on his own motion, and he could not object to the want of notice.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. R. M. Bryant* and *R. A. Chandler*, for the appellants.

*R. C. Gregory* and *R. Jones*, for the appellee.