ELIZABETH L. STEPHENS, *et al.*, v. THE BOARD OF COMMISSIONERS OF LEAVENWORTH COUNTY, *et al.*

HIGHWAY; *No Notice to Land-Owner, Cured by His Appearance before County Board.* The owner of certain land, through which it was proposed, in 1882, to lay out and open a public highway, was not personally served with any notice of the time and place of the meeting of the viewers to view the road, nor was any notice thereof given to any of his agents residing in the county; but subsequently the owner appeared before the board of county commissioners, and asked that its action in ordering the laying out and opening of the road be considered, which was refused. Thereupon he asked pay for the damages caused to his land by the location and opening of the road. *Held,* That his appearance before the board of county commissioners was a general one, and that the defect in the proceedings on account of the want of notice upon him was cured thereby.

*Error from Leavenworth District Court.*

To reverse a judgment against them at the April Term, 1885, the plaintiffs, *Elizabeth L. Stephens* and four others, bring the case here. The opinion contains a sufficient statement of the facts.

*Geo. J. Barker*, and *J. W. Green*, for plaintiffs in error.

*J. H. Atwood*, county attorney, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: This action was originally brought by Nelson T. Stephens to vacate an order made by the board of county commissioners of Leavenworth county, laying out a road through certain land owned by him in that county, and also to prevent the road from being opened. The petition alleged, among other things, "that the land is well fenced," and that "said Nelson T. Stephens is the owner in fee simple and in possession thereof, and has, by himself, his tenants and agents, been in the possession and actual occupancy of the same during all of the time of the happening of the grievances complained of." The petition also alleged that no notice was given him or his agents, of the time and place of meeting of the viewers as prescribed by § 4, chapter 89, Comp. Laws of 1885.

After the commencement of this action Nelson T. Stephens died, and on January 26, 1885, such proceedings were had in the district court that the cause was revived in the names of the heirs of said Stephens. Upon the trial the plaintiffs offered to introduce evidence tending to support the allegations of the petition. The defendants objected upon the ground that the petition did not state facts sufficient to constitute a cause of action. This objection was sustained by the court, and judgment rendered for the defendants. Plaintiffs excepted, and bring the case here.

In support of a reversal of the judgment of the district court, *The State v. Farry*, 23 Kas. 731, and *Comm'rs of Chase Co. v.*

*Cartter*, 30 id. 581, are cited. These cases decided that before a public road can be laid out, the land-owner or his agent, if residing in the county, must be notified of the time and place of the meeting of the road viewers, unless notice thereof is waived.

Passing over the question whether it appears from the allegations of the petition that Nelson T. Stephens, or any of his agents resided in the county at the time the road proceedings were instituted and carried on, we think it decisive of this case that the petition shows that Stephens waived the notice prescribed in §4 of said chapter 89. ( *Ogden v. Stokes,* 25 Kas. 517; *Comm'rs of Woodson Co. v. Heed,* 33 id. 34.) The petition alleges that Stephens "asked the said board of county commissioners to reconsider their said act in ordering the laying out of and opening said road, which they refused to do, and he asked them to pay him the damages which would be caused by said act, but so far they have utterly failed and neglected to do so, or give the same consideration." The allegations of a pleading are to be taken most strongly against the pleader, and under this construction, the petition clearly shows that Stephens made a general appearance before the board of county commissioners for the purpose stated in the petition, and that such appearance was in no way special or limited. By his action, the defect in the proceedings on account of the want of notice upon him was fully cured.

Therefore the judgment of the district court must be affirmed.

All the Justices concurring.