C. K. & W. Rld. Co. v. Savings Bank.

|52 467|
|58 145|

THE CHICAGO, KANSAS & WESTERN RAILROAD COM-
PANY v. THE NASHUA SAVINGS BANK.

CASES, *Followed.* The cases of *L. N. & S. Rly. Co. v. Meyer*, 50 Kas. 25;
*Rand v. Ft. S. W. & W. Rly. Co.*, 50 id. 114; *Goodrich v. Comm'rs of
Atchison Co.*, 47 id. 355, followed.

*Error from Kingman District Court.*

ACTION by the *Nashua Savings Bank* against *Joseph
Thomas*, the *Chicago, Kansas & Western Railroad Company*
and others, to foreclose a mortgage. Defendant *Railroad
Company* resisted the action, on the ground that its right-of-
way over the mortgaged premises was not subject to the
mortgage, and from an adverse judgment it brings error.
Following is the material part of the agreed statement of
facts on which the case was tried:

"It is hereby stipulated and agreed by and between the
plaintiff and the defendant the Chicago, Kansas & Western
Railroad Company that the only question in dispute, and the
only question to be settled by the court, in this case, is as to
whether the plaintiff herein is entitled to a judgment herein
barring the rights of the defendant the Chicago, Kansas &
Western Railroad Company in the foreclosure proceedings
instituted by the plaintiff in this action.

"It is further stipulated and agreed by and between the
plaintiff and the defendant herein, that the following shall be
treated and considered as all the facts in this case:

"1. On the 16th day of September, 1885, the defendant
Joseph Thomas was the owner of the following-described
real estate, situated in the county of Kingman and state of
Kansas: The southwest quarter of section twelve (12), and
the northwest quarter of the northwest quarter of section
thirteen (13), all in township thirty (30), range seven (7) west
of the sixth principal meridian, except ten (10) acres, in a
square form, in the southwest corner, and that on said 16th
day of September, 1885, said Joseph Thomas and his wife
executed to the Lombard Investment Company their mortgage
on said land to secure their note for the sum of $1,100, and
and that the amount now sought to be recovered in this action
by the plaintiff, who is now the owner of said note and

mortgage, is the amount now due and unpaid thereon, and that said mortgage is now in full force and effect, and that said note and mortgage were duly assigned to plaintiff prior to the condemnation proceedings hereinafter mentioned, and that said mortgage was duly recorded, as in said plaintiff's petition alleged.

"2. Said Joseph Thomas continued to own said real estate and was the owner of the same up to and including August 30, 1886.

"3. The defendant the Chicago, Kansas & Western Railroad Company was at all times hereinafter mentioned a railroad corporation duly organized and existing under and by virtue of the laws of the state of Kansas, for the purpose of constructing, operating and maintaining a line of railroad into and through the county of Kingman and state of Kansas, and as such corporation it had the power to exercise the power of eminent domain in the manner and form as by law provided.

"4. On the 21st day of July, 1886, the defendant the Chicago, Kansas & Western Railroad Company made application for the appointment of commissioners to condemn the right-of-way over and across the above-described real estate; that said commissioners were duly appointed; that said land was duly condemned, to the extent of a right-of-way 100 feet wide across the same; that the award was duly paid into the hands of the proper officer, and drawn out by Joseph Thomas; that the award was made to Joseph Thomas, who was the only person the condemnation commission found to be the probable owner of said premises; that no award was made to the plaintiff in this action, or to its assignor; that all the proceedings in connection with the condemnation were regular in detail, and that said right-of-way was condemned in full compliance with the statute in such cases made and provided; and that the court, in passing on this case, is to treat the condemnation proceedings as regular, without any evidence to establish that fact."

"7. It is contended by the defendant the Chicago, Kansas & Western Railroad Company that the condemnation proceedings above referred to bar the right of the plaintiff to a judgment of foreclosure, so far as the right-of-way condemned is concerned."

The court found in favor of the Nashua Savings Bank against the railroad company, holding that the mortgage was

a valid lien upon the right-of-way, and decreeing the land, including the right-of-way, to be sold in satisfaction of the mortgage. Motion for a new trial, filed by the railroad company, was overruled.

*A. A. Hurd*, and *Robert Dunlap*, for plaintiff in error.

*Per Curiam:* No brief has been filed upon the part of the defendant in error. Upon the matters presented, the cases of *L. N. & S. Rly. Co. v. Meyer*, 50 Kas. 25; *Rand v. Ft. S. W. & W. Rly. Co.*, 50 id. 114; *Goodrich v. Comm'rs of Atchison Co.*, 47 id. 355, are decisive against the plaintiff below.

Upon the agreed statement of facts, the judgment of the district court will be reversed, with direction to the court to enter judgment for the railroad company, decreeing its right-of-way to be superior to and free from the mortgage.