THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY
v. BENJAMIN R. SHELDON *et al.*

1. CONDEMNATION PROCEEDINGS—*Rights of Mortgagees.* In condemnation proceedings to obtain a right-of-way for a railroad, no personal notice is required to be served upon mortgagees of the land over which the right-of-way is to be taken, nor need they be named in the award which is made.
2. COMPLETE EASEMENT—*Vests in Railroad Company, When.* The mortgagee is not an owner, within the meaning of the statute relating to condemnation proceedings; and when full compensation is awarded for the right-of-way, and the award is deposited with the county treasurer, a complete easement vests in the railroad company, as against the owner, as well as any others who may have liens upon the land.
3. AWARD—*Rights in.* When the award is paid into the county treasury, anyone having an interest in the land or a lien on the same may, where equity warrants it, resort to the fund awarded for the right-of-way.

### *Error from Saline District Court.*

ACTION by *Benjamin R. Sheldon* against *The Chicago, Kansas & Western Railroad Company* and others to foreclose a mortgage. From the judgment rendered, defendant railroad company brings error.

*A. A. Hurd,* and *Robert Dunlap,* for plaintiff in error:

Plaintiff is entitled to judgment upon the agreed statement of facts, because its right-of-way was duly and legally condemned. It is undisputed that at the time of the condemnation proceedings Allison was the owner of the land. Sheldon had simply a lien by way of mortgage. The condemnation commissioners, as required by statute, gave the general notice, published in a newspaper of the county, and thereby obtained jurisdiction to condemn lands for the right-of-way for the railroad company and assess damages. The object of the statute is that the award made by the commissioners shall be full compensation for the right-of-way appropriated — the full

value of such right-of-way over the land. See *C. K. & W. Rld. Co. v. Grovier*, 41 Kas. 687, 688.

The award being full compensation for the right-of-way taken, it is obligatory upon anyone who claims an interest in the land, and therefore an interest in the award, to subject the award to his claim. *United States v. Dunnington*, 146 U. S. 350, 352, 353, and authorities cited therein. But Sheldon, as mortgagee, had no estate in the land. He had merely a lien. He was not an owner of the land, nor the owner of an estate therein. It was proper, therefore, to condemn the land in the name of Allison, the owner of the fee, and it was not necessary to name the plaintiff as mortgagee, nor to make any award to him, because he had no estate in the land. *Rand v. Ft. S. W. & W. Rly. Co.*, 50 Kas. 114; *Goodrich v. Comm'rs of Atchison Co.*, 47 id. 355, and authorities therein cited. See, also, *L. N. & S. Rly. Co. v. Meyer*, 50 Kas. 25; *Corwin v. St. L. & S. F. Rly. Co.*, 51 id. 451.

*R. A. Lovitt*, and *William A. Norris*, for defendant in error:

The word "owner," as used in §4 of article 12 of the constitution, is not to be restricted to persons who have an absolute title in fee simple, for in this sense a mortgagee is also an owner. See *White v. Rittenmeyer*, 38 Iowa, 268; *Monroe v. West*, 12 id. 119; *Choteau v. Thompson*, 2 Ohio St. 114; *Dutro v. Wilson*, 4 id. 101. Tenants for life and for years have also been held to be owners in condemnation proceedings. See *Railroad Co. v. Boyer*, 13 Pa. St. 497; *Railroad Co. v. Davis*, 26 id. 238; *Brown v. Powell*, 25 id. 229; *Turnpike Road v. Brosi*, 22 id. 29. "An owner of real estate is any person who has an equitable right to or interest in it." *Severin v. Cole*, 38 Iowa, 463.

In *Stewart v. Raymond Railway*, 7 Smed. & M. (Miss.) 568, and *Kennedy v. M. & St. P. Rld. Co.*, 22 Wis. 581, it has been held that a mortgagee's estate cannot be affected where he is not a party in condemnation proceedings. The omission of the owner of any estate in the lands, or any part owner of the fee whose estate or interest is essential to a perfect and

indefeasible title in the company, will leave the condemnation proceedings nugatory as against such omitted persons. This is the doctrine laid down in the case of the *State N. Rly. Co. v. Easton & Amboy Rld. Co.*, 36 N. J. L. 181, and *Wilson v. Railway Co.*, 67 Me. 358. The word "owner," as used in the law, has generally been treated as including all parties who had a claim or an interest in the property, although the same might be an undivided one or fall far short of an absolute ownership in fee. *Lozo v. Sutherland*, 38 Mich. 168–171; *Parks v. City of Boston*, 15 Pick. 198; *Gerrard v. Railroad Co.*, 14 Neb. 270.

Again, in *Comm'rs of Smith Co. v. Labore*, 37 Kas. 480, we find the following language: "The word 'owner,' as used in the statutes relating to condemnation proceedings, may perhaps be construed to apply to every person having an interest in the property to be taken."

If the award can be paid to the treasurer, leaving the question unsettled as to has a lawful right to it, it would subject the mortgagee to the expense and annoyance of litigation to protect his property rights, and this is not the policy of the law. See, also, *Severin v. Cole*, 38 Iowa, 463.

The opinion of the court was delivered by

JOHNSTON, J.: By condemnation proceedings, the Chicago, Kansas & Western Railroad Company obtained a right-of-way over a tract of mortgaged land. Due notice of the proceedings was given by publication, but no personal notice was served upon the mortgagee, nor was he named in the award. The amount of the award was deposited, as the law requires, with the county treasurer, who afterward paid the same to the owner of the land. The mortgagee never attempted to subject the award as a fund in equity to his claim, and never received any portion of the same nor had any benefit therefrom. In this proceeding for a foreclosure, it was contended and held that the mortgage was a lien upon the right-of-way, and that the same might be sold to satisfy the mortgage. The condemnation proceedings appear to have been legal, and, in

the absence of a showing to the contrary, it will be presumed that the commissioners acted right, and that their proceedings were regular. (*L. N. & S. Rly. Co. v. Meyer*, 50 Kas. 25.) The general notice by publication is sufficient, and, when legally made, all persons who have an interest in the land must take notice of the subsequent proceedings, whether they are named in the notice or not. If any owner is dissatisfied with the award when it is made, he may protect his interest by taking an appeal. (*C. K. & W. Rld. Co. v. Grovier*, 41 Kas. 687.) When the award is paid into the county treasury, anyone having an interest in the land or a claim upon the fund may take proceedings to protect his interest or claim. The mortgagee, however, had only a lien upon the land out of which the right-of-way was taken. He was not an owner of the same, nor the owner of an estate therein. Not being an owner within the meaning of our statutes, it was not necessary to name the mortgagee in the proceedings, nor to make any award to him. (*Goodrich v. Comm'rs of Atchison Co.*, 47 Kas. 355; *Rand v. Ft. S. W. & W. Rly. Co.*, 50 id. 114.) When full compensation was awarded for the right-of-way, and the award was deposited with the county treasurer, a title to the right-of-way was obtained by the railroad company, as against the owner, as well as any others who may have had liens upon the land. The mortgagee is not without protection, as, having had notice by the publication, he may, where equity requires, resort to the fund awarded for the right-of-way. It follows that the judgment must be reversed, and the cause remanded, with instructions to enter judgment upon the agreed statement of facts in favor of the plaintiff in error.

All the Justices concurring.