Issenhuth v. Baum *et. al.*

1. A township board of supervisors may adjourn proceedings for the laying out of a public highway.

2. A person who appears at an adjourned meeting of highway supervisors, and makes no objection to an irregularity in the notice, waives all objections.

3. Where there is a conflict in the testimony as to whether proper notice of an adjourned meeting of a board of highway supervisors was served upon a party objecting to the proceedings, parol testimony is admissible to show that he personally appeared at such meeting, and demanded compensation for damages sustained by the location of the highway.

(Opinion filed Oct. 18, 1898.)

Appeal from circuit court, Beadle county. Hon. J. O. Andrews, Judge.

Action by Franklin Issenhuth against Martin Baum and another to recover damages for the alleged wrongful removal of a fence and the excavation of earth for the purpose of constructing a highway. Judgment for plaintiff, and defendants appeal. Reversed.

The facts are stated in the opinion.

*A. W. Wilmarth*, for appellants.

*W. A. Lynch*, for respondent.

FULLER, J.   Answering the complaint in this action for damages occasioned by the alleged unlawful removal of 10 rods of wire fence, and the excavation of earth for the purpose of constructing a public highway over and upon a portion of plaintiff's premises, the defendants relied upon certain statutory proceedings of the township board of supervisors, which the court adjudged void for want of jurisdiction, and, upon a directed verdict, gave plaintiff judgment. from which defendants appeal.

It appears from the recorded proceedings of the supervisors that the petition required by section 1296 of the Compiled Laws, was duly presented, and in compliance with § 1297 a copy thereof was posted up in three of the most public places in the township more than 20 days, before any action was had in relation thereto; that within the 30 days allowed by § 1298 a notice describing the proposed highway, and specifying Johnson's School House as the place, and the 6th day of May, 1895, as the time, the supervisors would meet for the purpose of considering and acting upon said petition, was posted as required by statute, and personally served more than ten days before such meeting upon all persons entitled to notice, including respondent herein.   It further appears that all steps essential to the establishment of a legally constituted highway across respondent's premises were taken in substantial conformity with the legislative scheme, except the affidavit of service of notice, and the date of the order laying out the road, which appears to have been made on the 24th day of June, 1895, instead of

the 6th day of May of that year,—the date mentioned in the notice as the time when the supervisors would meet and act upon the petition. After respondent had testified that no notice of the time and place of the meeting was ever served upon him, appellants offered to prove "that, at the time and place at which they met to lay out the highway across the plaintiff's land as set forth in the order, Franklin Issenhuth appeared personally, and objected to the supervisors opening a highway across his land, and demanded as a consideration therefor that they pay him $500 damages; that the supervisors refused to do this, and proceeded to condemn the land and assses the damages. This offer was denied, upon the theory that the su· pervisors could act only on the 6th day of May, and were powerless to adjourn the proceedings until the 24th day of June, and that the following proof of service was insufficient to confer jurisdiction: "Martin Baum, being duly sworn, says that on the 16th day of May 1895, he served a notice upon Franklin Issenhuth, personally at his residence; also on the 16th day of May 1895, he posted copies of a written notice on three public places in said town. [Signed] Martin Baum." Although the statute (§ 1301) expressly makes the record and order laying out a public highway competent evidence of the facts therein contained. the court sustained a motion to strike it all out, and directed the verdict against appellants, upon which responddent was adjudged to be entitled to $50 damages, together with costs and disbursements. No claim is made that the damages assessed and allowed respondent are inadequate, or that the adjournment operated to his detriment; but that the supervisors never had jurisdiction, and that appellants were trespassers from the beginning, is the position to maintain which the

efforts of ingenious counsel are directed. It is well settled that such boards or officers, unless restricted by statute. have inherent power to adjourn from time to time, and that the exercise of such power is subject to review only in case of the abuse of discretion, and at the instance of a party substantially injured. Woods v. Sheldon, 9 S. D. 392, 69 N. W. 602; 1 Enc. Pl. & Prac. 248; Railway Co. v., Meyer, 50 Kan. 25, 31 Pac. 700; Com. v. Brown, 28 Kan. 83; Butman v. Fowler. 17 Ohio, 101; Goodel v. Baker, 8 Cow. 285. Wisconsin Cent. Ry. Co. v. Ashland Co., 81 Wis. 1, 50 N. W. 937. ''Nor is jurisdiction lost by failure to enter an order adjourning the proceedings.'' Osborn v. Sutton (Ind. Sup.) 9 N. E. 410.

To give all occupants of the land through which such highway may pass an opportunity to appear before the supervisors and be heard, is the sole object of the statutory provision requiring the notice to be personally served; and it is settled beyond controversy that such notice is waived by one who appears generally, and avails himself of every right guaranteed by law. Indeed, in such proceedings, one who appears, but makes no objection, waives, on appeal, every objection that might have been urged before the supervisors. Ice Co. v. Lay, (Ind. Sup.) 2 N. E. 225; Dyckman v. Mayor, etc., 5 N. Y. 434; Onken v. Riley, 65 Tex. 468; Milhollin v. Thomas. 7 Ind. 165; Polly v. Railway Co. 9 Barb. 449; Inhabitants of Windsor v. Field, 1 Conn. 279; Tingley v. City of Providence, 9 R. I. 388; Barre v. Appelton, 2 Pick. 430. The Elliotts, in their treatise on Roads and Streets, at page 244, say: ''Where parties appear, they should object to the notice at the earliest practicable opportunity. If they fail to do so, they cannot subsequently make the objections available. If the notice of the

meeting is irregular, and an adjournment is had, an appearance without objection at the adjourned meeting will operate as a waiver of all objections to the notice."

There being a conflict in the testimony as to whether any proper notice was ever served upon respondent, it was competent to show by parol evidence that he personally made a general appearance, and demanded compensation in the way of damages sustained by the highway as located. To exclude the offer as made, together with all the official proceedings of the supervisors, as shown by the record required to be kept, and to direct a verdict against appellants, was clearly erroneous. Stephens v. Commissioners; 36 Kan. 664, 14 Pac. 175; Orton v. Tilden, 110 Ind. 131, 10 N. E 936; Supervisors v. Magoon, 109 Ill. 142. The judgment of the circuit court is reversed, and the cause remanded for a new trial.