No. 22,321.

THE STATE OF KANSAS, ex rel. J. A. McDERMOTT, County Attorney, etc., *Appellee*, v. THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, W. H. NELSON, W. J. POLLOCK and NEAL PICKETT, *Appellants*.

### SYLLABUS BY THE COURT

1. CONDEMNATION PROCEEDINGS — *Authority of Commissioners — When Ended*   Ordinarily when commissioners appointed to condemn a right of way for a railroad have made and filed their report and adjourned, their authority is ended, and they cannot thereafter reopen and reconsider the award.

2. SAME—*Amendment of Report of Commissioners.*   If there is a failure of the commissioners to comply with a statutory requirement, they may be compelled to amend and complete their report, but where the commissioners have found conflicting claims of ownership, and have stated in their report that the owners were "unknown," and have adjourned, they will not be compelled by mandamus to reconvene and amend their report by stating the names of the owners of the tracts condemned.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed November 8, 1919. Reversed.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellants.

*Ellis Fink,* county attorney, *James A. McDermott,* and *Harold W. Herrick,* both of Winfield, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is a proceeding in mandamus to compel commissioners appointed to condemn land for railroad purposes to amend their report by inserting therein the names of the owners of land condemned. Judgment was given in favor of plaintiff, and defendants appeal.

It appears that when the condemnation was made there were conflicting claims as to the ownership of the land involved in the appropriation, and some of the owners were not certain from the descriptions in the report just what portions of the lands described belonged to them. The commissioners did not know who were the owners, and did not undertake to

name them in their report, but placed the word "unknown" in the space left for the names of owners in accordance with the form of a report prepared by an agent of the railway company.

We think the granting of a mandamus was not warranted. The finishing and filing of the report by commissioners ordinarily ends their authority, and they cannot thereafter reopen the inquiry and reconsider the award. (*U. T. Rld. Co. v. Rld. Comm'rs,* 54 Kan. 352, 38 Pac. 290; *People v. Mott,* 60 N. Y. 649.) If there is ah irregularity or an omission of some indispensable thing, they may be compelled to amend the report. (15 Cyc. 893.) It can hardly be said that the report made is incomplete as to any statutory requirement. The essential requirements of the statute are the survey and laying off of the route for the railroad, the determination of the quantity of land necessary for railroad purposes, the appraisement of the value and the assessment of the damages sustained by the condemnation, and, when the land belongs to different owners, the appraisement of the value and the assessment of the damages of each owner's interest, and then the inclusion of these things in a report which is to be filed in the office of the county clerk. Nothing else is required to be embodied in the report. (Gen. Stat. 1915, § 2188; *L. N. & S. Rly. Co. v. Meyer,* 50 Kan. 25, 31 Pac. 700.) So far as practicable, they should ascertain who the owners of the land are and make a separate valuation of each interest. (*C. K. & W. Rld. Co. v. Grovier,* 41 Kan. 685, 21 Pac. 779.) However, they have no authority, nor have they the facilities, to determine conflicting claims of ownership, and their designation of a person as owner gives him no right to the award as against the real owner. It was ruled in the Grovier case, that—

"The failure of the commissioners, however, to ascertain and designate the owners, whether it occurs from ignorance, inadvertence, or inability, will not prevent the real owner of any parcel of real estate or interest in the same from availing himself of the remedy of appeal." (p. 688.)

(See, also, *Gulf Railroad Co. v. Owen,* 8 Kan. 409.)

When a conflict arises as to ownership, anyone having an interest in the land, whether or not he be named in the report, may institute a proceeding to have determined the actual in-

terests of the parties, and this can be done in a tribunal whose determination will be binding.

The finding as to who of the conflicting parties are the real owners, and the insertion of their names in the report, is not only not specifically required by the statute, but it would be without binding effect. It would not relieve the county treasurer of the duty of determining for himself who of the claimants were entitled to the money awarded, as the statute provides that after the money is deposited with him he "shall, upon demand of the persons severally entitled thereto, pay over the amounts of such fund to such persons as shall be respectively entitled thereto." (Gen. Stat. 1915, § 2189.)

The designation of the owners in the commissioner's report is no protection to the treasurer if payment is not made to the real owner, and it is contemplated that cases will arise in which he cannot safely pay over the funds until the contention between claimants is determined in a competent tribunal, and so it is decided that:

"When the award is paid into the county treasury, anyone having an interest in the land or a claim upon the funds may take proceeding to protect his interest or claim." (*C. K. & W. Rld. Co. v. Sheldon*, 53 Kan. 169, 35 Pac. 1105.)

(See, also, *Rand v. Ft. S. W. & W. Rly. Co.*, 50 Kan. 114, 31 Pac. 683.) In such a case the treasurer may stand neutral, offering to pay the money to the claimant found to be entitled to it.

Our conclusion is that the failure of the commissioners to designate the owners of the land condemned in their report is not such an omission as warrants a recall of the commissioners and the reconsideration and amendment of their report.

The judgment is reversed, and the cause is remanded with directions to enter judgment for the defendant.