(83 N. W. Rep. 329.)

---

NORTHWESTEN TELEPHONE EXCHANGE COMPANY *vs.* NORTHERN

PACIFIC RAILWAY COMPANY.

Opinion filed May 28, 1900.

**Interpleader.**

> Section 5238, Rev. Codes, 1899, construed, and *held* that said section requires the District Court to determine any controversy between the original parties to an action, without interpleading other parties, whenever such controversy can be determined without prejudicing the rights of such other parties or of the parties to the record.

**Interpleader Properly Refused.**

> Upon the facts set out in the opinion, *held,* that the District Court did not err in refusing to consider a certain collateral controversy existing between the appellants and the Northern Pacific Railway Company.

Appeal from District Court, Ransom County; *Lauder,* J.

Action by the Northwestern Telephone Exchange Company against the Northern Pacific Railroad Company and others. Judgment for plaintiff. Charles A. Marston and certain other defendants appeal. Affirmed.

*Morrill & Engerud,* for appellants.

*Ball, Watson & Maclay,* for Northern Pacific Railroad Company.

WALLIN, J.  This action was instituted to obtain a condemnation

of a strip of land six feet wide as a right of way for a telephone line over the lands of a large number of parties who are named as defendants. A judgment was entered in the District Court for the relief sought by the plaintiff, and all parties to the action have acquiesced in such judgment except certain of said defendants (Charles A. Marston and others), who have appealed to this court from such judgment.

The complaint states, in effect, that certain lands, described in the complaint as being situated on the south side of the right of way of the Fargo & Southwestern Railway Company, as now located and in operation in the counties of Cass and Ransom, in this state, are owned by said defendants, and that the plaintiff requires a strip or parcel of said lands six feet wide for its said right of way purposes, which strip the complaint alleges has been surveyed, and that the same is located immediately south of, and parallel with, the south line of the right of way of said railway company. A map of the strip required, showing its metes and bounds, and its location with reference to said railroad, is annexed to the complaint.

The Northern Pacific Railway Company was not originally named as a party to the action, but was brought into the case as an additional party by an order of the District Court made under the following circumstances: The defendants who have appealed to this court joined in an amended answer to the complaint, which, in substance, alleged that the said Fargo & Southwestern Railway Company in December, 1882, entered upon said lands of the defendants, and constructed a railroad across the same, and that said railway company has never in any manner acquired any right of way for said railroad across said lands; that said company has transferred and sold its said line of railroad to the Northern Pacific Railroad Company, and that the last-named company in the year 1896, without having acquired a right of way, sold and transferred all of its rights in said railroad to the Northern Pacific Railway Company, and that said last-named company has never in any manner acquired a right of way for said railroad across defendants' said premises, and that said last-named railway company now operates said railroad over and across said premises. The answer further states that it is necessary for the operation of said Fargo & Southwestern Branch of said Northern Pacific Railway Company to "have a right of way across these defendants' premises of not more than 100 feet in width, being a strip of land 100 feet wide parallel with, and fifty feet in width on each side of the center of said railroad track as now laid out." The answer further states, in effect, that said strip of land six feet wide, sought to be condemned for plaintiff's uses, should be located across defendants' premises next to and adjoining the railroad right of way, in order to avoid great and necessary damage to said premises. Defendants allege that the Northern Pacific Railway Company should be made a party defendant to this action, in order that its said right of way over defendants' premises may be

adjusted, and the rights of all parties to the action determined. Defendants pray for affirmative relief, as follows: "These defendants therefore pray that the said Northern Pacific Railway Company be made a party to this action; that such parts of the real estate owned by these defendants described in the complaint as may be necessary for a right of way for said railroad across said land be set apart for said purpose; that the value of the lands so to be allowed to said Northern Pacific Railway Company as a right of way be ascertained and determined, and ordered paid to these defendants as their respective interests may appear; that the necessary right of way for said plaintiff's telephone line be set apart to plaintiff next to and adjoining the railroad right of way; and that defendants have such other and further relief as to the court may seem just in the premises."

After the service of the amended answer, counsel for the plaintiff and of the said defendants who are appellants entered into a stipulation, whereby it was agreed, in effect, that said Northern Pacific Railway Company should be impleaded as an additional defendant in the action; and the District Court, acting upon said stipulation, and upon the pleadings, by its order directed that said company should be impleaded; whereupon copies of said order and the pleadings and of the summons were served upon said company. It further appears that said railway company by its counsel demurred to the plaintiff's complaint upon the ground that it did not state facts sufficient to constitute a cause of action as against said railway company. We do not find by the abstract that the issue tendered by the demurrer was ever adjudicated in the trial court, and we infer that it was not, inasmuch as no claim is made that the complaint states a cause of action as against the said railway company, or as against either of the railway companies, mentioned in the complaint. The record discloses that after said demurrer was served, and in the month of February, 1897, an application was made to the District Court in behalf of said railway company to set aside and vacate the order of said court whereby said railway company was impleaded and made a party defendant. This application was denied by an order of the District Court dated on the 28th day of April, 1897, to which order an exception was saved. Subsequently said railway company, by its said attorneys, applied to the District Court for an order to strike from the amended answer all matters therein save and except the first six lines thereof. The object of this application was to eliminate from the answer such parts thereof as have reference to the right of way of said railway company, and which parts have been above set out in substance and effect. After hearing counsel on both sides, the last mentioned application was denied by an order of the District Court made in February, 1898. The said railway company never at any time responded by an answer either to the complaint or to said amended answer. The record further discloses that, after serving notice of

motion upon counsel for said railway company, an application was
made to the District Court in behalf of said defendants who are
appellants for the entry of judgment in said action "in accordance
with the prayer for relief in the amended answer of said defend-
ants." Said motion for judgment was denied by an order of the
District Court dated November 13, 1899, which order is as follows:
"The above-entitled action came on to be heard upon the application
of the defendants Frances C. Pepper, Grace M. Coburn, Charles A.
Marston, Helen S. Coburn, and Louisa H. Coburn for judgment
against the impleaded defendant, the Northern Pacific Railway Com-
pany, for damages for the appropriation of the right of way for
railroad purposes over and across the lands of said defendants so
applying for judgment; the said defendants appearing upon said
application for judgment by their attorneys, Messrs. Morrill &
Engerud, and the impleaded defendant, the Northern Pacific Rail-
way Company, appearing by its attorneys, Messrs. Ball, Watson &
Maclay; and now, the court, being fully advised in the premsies,
does order that the said application for judgment by the said de-
fendants against the said impleaded defendant, the Northern Pacific
Railway Company, be, and the same is hereby, denied. It is further
ordered that said impleaded defendant, the said Northern Pacific
Railway Company, be, and it is hereby, dismissed from this action;
to which order, and the whole thereof, said defendants duly excepted,
which exception was allowed and made a part of the record."

After said railway company was dismissed as a party by the
last-mentioned order, further proceedings were had in the action
as against these appellants, but said railway company did not receive
notice of such further proceedings in the District Court nor partici-
pate therein. A jury was waived, and the trial court, after consid-
ering the stipulated facts, made and filed its findings of fact, as
follows: "That all the allegations of the complaint are true; that
the railroad known as the Fargo & Southwestern Branch of the
Northern Pacific Railway Company runs over and across the lands
of the above-named defendants, as shown in the complaint; that
no right of way for said railroad has ever been obtained from these
defendants across said lands, but that the said railroad was con-
structed across said lands without the consent of the owners, about
the year 1882, and has since been continuously operated across said
lands; that the Northern Pacific Railway Company, which operates
said railroad either under lease or as owner, claims to have a right
of way four hundred feet, being two hundred feet on each side of
the center of the railroad track as now constructed, across these
defendants' lands; that the said railroad does not need a right of
way over these defendants' lands more than one hundred feet in
width, being fifty (50) feet on each side of the center of the track;
that the plaintiff needs for its telephone line a strip of land over the
lands of these respective defendants six (6) feet in width; that, in
order to cause the defendants the least possible injury, the telephone

company's right of way should be located parallel with, and next adjoining the right of way of the railroad aforesaid, on the south side thereof; that the damage caused to said respective defendants by taking of said land for the plaintiff's right of way.for its telephone line are as follows:   Frances C. Pepper, Grace M. Coburn, Louisa H. Coburn, and Helen S. Coburn, owners in common of section three (3), township one hundred thirty-six (136) north, range fifty-three (53) west, the sum of thirty-six dollars; Charles A. Marston, owner of the northwest quarter (N. W. ¼) section seven (7), township one hundred thirty-six (136) north, range fifty-three (53), is eighteen dollars." From such findings the court, on February 12, 1900, found as legal conclusions that the plaintiff was entitled to have judgment entered condemning for its right of way purposes a strip of land six feet in width over and across the lands of the appellants, "the said right of way to be a strip of land six (6) feet in width, running parallel with, and fifty (50) feet south of, the center of the railroad track of the Fargo & Southwestern Railroad as now located and constructed across said lands." The court then fixed the compensation which each of the appellants was to receive as damages for the appropriation of his land by the plaintiff. The court further found that the action should be dismissed as to the Northern Pacific Railway Company, and directed that judgment be entered upon its said findings. Judgment was entered accordingly, and from which said defendants alone have appealed to this court.

It will not be necessary, in the view which this court has taken of this entire case, to consider the evidence adduced, further than to state that certain depositions were taken and presented to the trial court bearing upon the matter of the damages suffered by the appellants on account of a contemplated appropriation of certain portions of their said lands by said railway company for its right of way. This evidence was not considered by the court below, for the reason that said court, after mature deliberation, made an order dismissing the railway company as a party to the action. After such order, it, of course, became legally impossible to enter a judgment which would in any manner affect or bind said railway company.

The defendants who are appellants have appended to the statement of the case the following specifications of error: "First. The court erred in sustaining the objection of the Northern Pacific Railway Company to said defendants' application for judgment by default. Second. The court erred in making the order denying these defendants' application for judgment, and dismissing the Northern Pacific Railway Company from said action. The appellants desire the Supreme Court to review the question presented by the foregoing specifications. The appellants also desire the Supreme Court to determine that the impleaded defendant is entitled to a right of way 100 feet in width—50 feet on each side of the center of the track—over appellants' lands, and to determine what damages the

appellants are entitled to recover from said impleaded defendant for the taking and holding of said railroad right of way over said lands."

An examination of the questions which appellants have requested this court to review and pass upon suggests certain preliminary considerations which we deem to be pertinent to the case. First, it is noticeable that the plaintiff has not appealed from the judgment entered below. This implies that the plaintiff is satisfied, not only with the width and location of its right of way across the defendants' lands, but likewise with the amount of damages which the District Court required it to pay these defendants for the appropriation of their lands for its purposes. It is also significant that the defendants who have appealed do not desire this court to modify the judgment entered below, either as to the amount of damages awarded to them or as to the width or location of plaintiff's right of way with reference to the railroad or the right of way of the railway company. Nor should the defendants be heard to complain in this court or elsewhere as to the location of plaintiff's right of way over or across their premises, in view of the fact that the same has been located exactly where defendants allege by their amended answer that it should be located. In this respect the wishes of the defendants as expressed in their amended answer have been literally and fully complied with by the District Court by its judgment. The plaintiff's right of way as described in the judgment is as follows: "A strip of land six (6) feet wide, running parallel with, and fifty (50) feet south of, the center of the railroad tracks of the Fargo & Southwestern Railroad as now located and constructed across said land of said defendants."

It is equally clear by the record that the Northern Pacific Railway Company is not aggrieved by the location of the plaintiff's right of way with reference to its railroad or any right of way. That company has not appealed from the judgment, and has at all times, and until it was successful, persisted in its efforts to be dismissed as a party to the action, and did so after being fully advised by the amended answer that the defendants were seeking to have plaintiff's right of way established where it was finally recognized as existing by the judgment of the court. It is true that the judgment does not bind the railway company, because it ceased to be a party to the action prior to the entry of judgment, and yet we deem it significant that the company, when it was called in and could have opposed the location of plaintiff's right of way, elected not to do so; then well knowing that its failure to litigate the question would be followed by the judgment which was entered, and which was foreshadowed by the allegations of the amended answer. If the said railway was legally entitled to the benefit of any award of damages which the court could make in this action, it is remarkable that it failed to assert any such right when an opportunity to do so was presented. Briefly stated, the grievances of the appellants are these: First, that the District Court refused to locate and establish the boundaries of the right of way of the Northern Pacific Railway

Company over and across the lands of the defendants, said right of way not having been previously acquired by said railway company in any manner whatever. Appellants' second grievance consists in the fact of the refusal of the trial court to assess and award damages against said railway company on account of its taking the lands of the defendants for right of way purposes to the extent of a strip of land 100 feet in width.

The evidence in the record bearing upon the question of such damages consists of the testimony of certain witnesses who estimate the damage which would result if the railway company should at any time appropriate for its right of way a strip of defendants' lands 100 feet wide and 50 feet on each side of its railroad track upon said lands. There is no testimony that any such strip or parcel of land has ever in fact been appropriated for railroad purposes by said company, and, as has been seen, this record conclusively shows that no right of way of any width has ever been acquired by the company over or across the lands in question. Such evidence, therefore, as was offered was tentative and hypothetical merely, and hence the same was very properly disregarded by the trial court. Nor do we find a scintilla of evidence in the abstract which even remotely bears upon the question of what is or would be the proper width of a right of way for said railway company at the point where its tracks cross the defendants' lands. In this condition of the evidence, this court is certainly not in a position to adjudicate upon either of the questions we are asked to retry.

Nor do we think the District Court erred in not taking cognizance of the matter of definitely locating and fixing the boundaries of a right of way for said railway company over and across the lands of the appellants, or in its refusal to consider the evidence as to the matter of the appellants' claims for damages as resulting from any appropriation of their lands by said railway company for right of way purposes. To have done so in a case where it is conceded that no such appropriation of appellants' lands was ever made would have involved a manifest absurdity. Aside from merely technical objections to the manner of procedure adopted by the appellants, we find no evidence in the record upon which an intelligent determination could be predicated, either with respect to definitely locating the boundaries of any railway right of way, or as to any damages which might result from any such purely imaginary right of way.

Nor is this court able to discover any error in the order of the trial court dismissing the Northern Pacific Railway Company as a party to the action. That company was not made a party by the plaintiff, for the obvious reason that its proposed right of way six feet in width as surveyed did not cross over any land belonging to the railway company. The lands in question were described in the complaint as lands belonging to these appellants, and the appellants by both their answers assert title and ownership of said lands in the appellants. No claim has ever been made by the railway company of any adverse ownership, title, or estate in the railway com-

pany. When compelled to come in as a party, the company from first to last assumed the attitude of having no interest whatever in the condemnation proceeding, and said company has wholly failed to assert any right to the damages awarded to these appellants, and wholly failed to assert any claim or title to the defendants' said lands. Nor upon this record could the railway company, or either of them, named in the record, claim damages on account of said condemnation for telephone purposes. The record is replete with evidence that the railway company has never acquired a right of way over or across the lands in question. This being so, said company has not as much as an easement in said lands.

Upon the conceded facts in this record, it conclusively appears that the controversy involved in the condemnation action, as between the original parties thereto, could have been and was fully adjudicated and determined without prejudice to any of the rights of these defendants or of either of the railway companies whose names appear in this record. This being true, the statute relied upon by the appellants' counsel is decisive authority against the appellants. Under the statute, it was the duty of the trial court to determine the original controversy without calling in additional parties. Such is the mandate of the statute cited by counsel. See Rev. Codes, § 5238. The learned trial court, in our judgment, was entirely right in refusing to enter upon and determine any collateral controversy which may exist between the appellants and said railway company, or either of them, arising from or out of any torts or trespasses committed upon their lands. The judgment of the court below will be made the judgment of this court. All the judges concurring.