THE ST. PAUL, MINNEAPOLIS & MANITOBA RAILWAY CO., A COR-

PORATION, V. ROBERT B. BLAKEMORE, ET AL., AND THE COUNTY OF

CASS, IN THE STATE OF NORTH DAKOTA, A MUNICIPAL CORPORA-

TION, INTERVENER.

Opinion filed May 1, 1909.

Rehearing denied June 29, 1909.

### Parties — Bringing in Additional Parties — Time.

1. Section 6824, Rev. Codes 1905, does not authorize the bringing in, by order of court, of additional parties after entry of judgment in a pending action. The judgment being in itself a complete determination of the controversy and of the rights of all parties thereto, there is neither warrant nor necessity, after its entry, for the presence of additional parties.

### Parties — Intervention — After Entry of Judgment.

2. Section 6825, Rev. Codes 1905, authorizes the intervention and interpleader in a pending action only before the trial of parties whose rights are undetermined. The provisions of this section will not sustain an order permitting the intervention, after judgment, of a party whose petition to intervene does not show a clear, unmistakable, or adjudicated interest in the judgment rendered.

Appeal from District Court, Cass county; *Pollock, J.*

Action by the St. Paul, Minneapolis & Manitoba Railroad Company against Robert B. Blakemore and others, to condemn certain real estate, and an award was made to defendants in judgment after entry. Cass county was permitted to intervene, and interplead as defendant, and from such order defendants appealed

Reversed.

*Engerud, Holt & Frame,* for appellants.

If the court can determine the matter before it without prejudice to parties not before it, they need not be summoned. Northwestern Tel. Co. v. N. P. Ry. Co., 9 N. D. 339, 83 N. W. 215; Bolton v. Donovan, 9 N. D. 575, 84 N. W. 357; McMahon v. Allen, 12 How. Pr. 45; Sawyer v. Chambers, 11 Abb. Pr. 110.

Intervention cannot be had after judgment. Feorny v. Ball, 6 La. Ann. 685; Carey v. Brown, 58 Cal. 180; Owens v. Colgan, 97 Cal. 454, 32 Pac. 519; Langenour v. Shanklin, 57 Cal. 70; Hocker v. Kelley, 14 Cal. 165.

*Murphy & Duggan* and *Lee & Fowler,* for respondent.

ELLSWORTH, J. The appeal in this cases arises out of an action commenced by the respondent railroad company against the defendants and appellants for the condemnation of two lots in the city of Fargo as station grounds for the use of respondent. The defendants made answer in the action, claiming title in fee to the lots which respondent sought to have condemned. The action was tried in the district court of Cass county to a jury, which rendered a verdict in favor of the defendants and against the plaintiff for the sum of $900 as the actual value of the lots in question. A judgment in accordance with this verdict was entered in the district court on January 18, 1906. On the same day respondent deposited with the clerk of the district court the sum of $959.70, the amount of the award of the jury with taxable costs. On the same day the district court made its final order, whereby it vested title to the lots in plaintiff for the uses and purposes for which the same were condemned, "free and clear of all right, title, claim and interest of the defendants in or to the same." On the same day the state's attorney of Cass county presented to the district court a petition of Cass county to intervene in the condemnation suit, in which was alleged, as ground for such intervention, the fact that in prior years, beginning with the year 1893 and ending with the year 1905, taxes had been assessed and levied upon the lots condemned, which had become delinquent and were unpaid, and which at that date, with accrued penalty and interest, amounted to the total sum of $439.13; that pursuant to the state laws the taxes for the years 1893 to and including the year 1901 had been duly certified to the clerk of the district court for judgment and sale of the premises involved in satisfaction of these taxes. The petition further recited the condemnation proceedings and the award of the jury of $900 as compensation for the taking by respondent, the entry of judgment on the award in the sum of $959.70, and "that the said judgment is for the full value of said premises, and stands in lieu of said premises, and these petitioners and interveners are entitled to resort to said judgment for the satisfaction of the liens aforesaid, and are entitled to have said judgment paid to them to the extent of their said lien claims. Wherefore, petitioners and interveners ask that an order be entered by this court distributing the moneys aforesaid as in this petition prayed for." The respondent railroad company joined with the intervener in its petition that

the moneys paid into court by it as plaintiff in the action be distributed as the petition requested. The district court issued an order to show cause on this petition to intervene, and upon a formal hearing had pursuant thereto made an order as follows: "At this time the above-entitled matter, coming before the court, having been under advisement, and the question arises whether the money now in the hands of the clerk of this court to the extent of the taxes due on the property in question shall be retained by the court awaiting the final determination of the action of Cass county, North Dakota, against said property, and the court, being fully advised in the premises, directs that the same be retained to the extent of $439.13, and the remainder thereof be forthwith paid over to the defendants Blakemore and Kedney, executors. The court at this time also makes an order interpleading the county of Cass as a party defendant in the condemnation proceedings, and this order is made nunc pro tunc as of December 16, 1905." This order is now the subject of an appeal by the defendants to the condemnation suit.

Appellant contends that the district court committed error by the entry of the order above quoted in the following particulars: First. The trial court ought not to have made the order interpleading Cass county after the case had been tried, judgment entered on the verdict, and that judgment had been paid. Second. The trial court ought not to have made an order the effect of which was to modify a final judgment. The proper procedure was to open up or set aside the final judgment entered, determine the rights of the intervener, and enter a new judgment, giving therein to the intervener such relief as it might be entitled to. Third. The order was void because it was an attempt to enforce delinquent taxes in a manner not authorized by statute. From a comparison of the prayer of the petition of Cass county with the order made by the district court, it is apparent that the order obtained is much broader than the request of the county. It prayed for a distribution of the fund created by the award in the condemnation suit. It obtained an order interpleading it as a party defendant in the condemnation proceedings, and directing that a portion of the award be retained by the court until the final determination of the tax proceeding brought by Cass county against the property in question. As the scope of the order is not made the subject of exception by appellant, it will be presumed that all matters included in

its provisions were either within the purview of the order. to show cause, or were suggested and duly considered on the hearing.

This brings us to a consideration of the first point made by appellant that the district court, on the procedure instituted by the county, was not authorized to make, after judgment in the action, an order interpleading Cass county and making it a defendant in the condemnation suit. Respondent contends that authority for such an order is contained in sections 6824, 6825, Rev. Codes 1905. The section first mentioned reads as follows: "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in." This section is simply the codification of a familiar rule of equity, provided for the purpose of bringing before the court any person whose interest is so interwoven with the matter in controversy that a full and complete determination cannot be had in his absence. In all cases where full adjudication can be had without the presence of additional parties the express mandate of the statute forbids that they be brought in. Northwestern Telephone Exch. Co. v. N. P. Ry. Co., 9 N. D. 339, 83 N. W. 215.

The judgment in a case is a final determination of all controversies presented, as well as of the rights of all parties to. the action. If the presence of Cass county as a party was necessary to a full determination of the controversy, then judgment could not have been entered without its being brought in. The fact that the condemnation suit was fully determined in its absence is the best evidence of the fact that its presence was not necessary. It is true that Cass county claimed a lien upon the property involved in the condemnation suit. This, of itself, however, does not require its presence as a defendant. Neither mortgagees nor lienors are necessary parties to a condemnation suit. Chicago, etc., R. R. Co. v. Sheldon, 53 Kan. 169, 35 Pac. 1105; 2 Lewis, Eminent Domain, section 325.

Section 6825, Rev. Codes 1905, is as follows: "Any person may before the trial intervene in an action or proceeding, who has an interest in the matter in litigation in the success of either party, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or pro-

ceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint setting forth the grounds upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared, and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it was an original complaint." It will be noted that the right to intervene in a pending action, as provided for in this section, exists, if at all, only before the trial. The reason for this is readily apparent. The rights of a party who intervenes after trial cannot be determined by the judgment. His presence at such a time would be prejudicial to both parties to the suit. As the existence and extent of his right is wholly undetermined, he cannot then ask to be permitted to have the same relief as the other plaintiffs against the defendants; neither is he entitled to share with the parties who have taken part in the trial the fruits of the litigation. If the petition in intervention clearly established the fact that the intervener has an adjudicated or unquestioned interest in the judgment which had been recovered, a different case would be presented. In the case at bar, however, a convincing and undisputed claim to such an interest does not appear in the procedure in intervention. Whether or not in a proper action Cass county may be able to establish its right to transfer its lien for taxes from the property taxed to the award in the condemnation suit, and to have a portion of the award held by the court to await the determination of its proceeding to perfect its tax lien, is not necessary for this court, upon this appeal, to decide. It is only necessary to say that, in the procedure adopted, such right does not clearly and unmistakably appear. In its application to intervene Cass county must be regarded simply as a party who asks, after judgment in an action, for leave to have its rights litigated. It is clear that no authority exists for permitting a party under such conditions to intervene or interplead. It is equally clear that Cass county is not a party whose presence was necessary to a full determination of the controversy. Nothing stated herein in any manner affects, or is intended to affect, the order made in the tax case; that order not being before us for consideration.

The order appealed from is therefore reversed, and the district

court directed to vacate the same. All concur.

MORGAN, C. J., did not participate.